Richard J. Daley, Mayor, Local Liquor Control Com-
 missioner, Appellant, v. License Appeal Commis-
 sion, A. L. Cronin, Chairman, and Copy Lounge,
 Inc., Applicant, Appellees.

Gen. No. 46,838.

First District, Second Division.

September 25, 1956.

Released for publication November 27, 1956.

John C. Melaniphy, Corporation Counsel, City of Chicago, for plaintiff-appellant; L. Louis Karton, Head of Appeals and Review Division, Harry A. Iseberg, Harold M. Nudelman, and Sydney R. Drebin, Assistant Corporation Counsels, all of Chicago, of counsel.

Fisher, Hassen & Fisher, of Chicago, for defendant-appellee; Leonard Fisher, of Chicago, of counsel.

PRESIDING JUSTICE ROBSON delivered the opinion of the court.

In April 1955 defendant Copy Lounge, Inc., filed an application for renewal of its retail liquor license for its premises at 530 North Rush street, Chicago, Illinois. Mayor Richard J. Daley, in his capacity as Local Liquor Control Commissioner, rejected the application on the ground that the applicant had served liquor to minors in violation of the ordinances of the City of Chicago, and the statutes of the State of Illinois. Ill. Rev. Stat. 1953, chap. 43, par. 131. An appeal was taken to the License Appeal Commission in accordance

with the provisions of Ill. Rev. Stat. 1953, chap. 43, par. 153. The Commission reversed the order of the local commissioner. The trial court entered judgment affirming the order of the License Appeal Commission. The local commissioner seeks a reversal of that judgment on this appeal.

The evidence in the hearing before the License Appeal Commission consisted of the following: (1) The testimony of two police officers that two juvenile girls, not in Illinois at the time of the hearing, had stated to them that they had been served alcoholic beverages at the Copy Lounge, Inc.; that the girls personally identified the bartender on duty as Peter Karr, and the waitress who had served them as one Lois Slack; that these statements of the young girls were made in the presence of Karr, the manager of the applicant's establishment. (2) The testimony of Peter Karr that he did not serve liquor to either of the two girls, and that he did not work evenings and thus was not on duty at the time these girls alleged he was tending bar. (3) The testimony of James Stasinos, Secretary-Treasurer of the Copy Lounge, corroborating the testimony of Peter Karr that he does not work beyond ten o'clock in the evening, and that Mr. Karr's place is taken by William Manos who operates the establishment until the next morning. Neither Lois Slack nor William Manos was called to testify in behalf of the applicant, Copy Lounge, Inc.

The question before us on appeal is whether or not the License Appeal Commission was justified in reversing the order of the local commissioner on the basis of the evidence adduced at the hearing. In order to answer this question we must first determine the scope of the authority of the License Appeal Commission to review the orders of the Local Liquor Control Commissioner on appeal. The relevant statutory provision is found in Ill. Rev. Stat. 1953, chap. 43, par. 153:

"Appeals from order of local commission. § 8. Except as hereinafter provided, any order or action of a local commission granting or refusing to grant a license, revoking or refusing to revoke a license or refusing to grant a hearing upon a complaint to revoke a license may within twenty (20) days after notice of such order or action be appealed from by any resident of the political subdivision under the jurisdiction of such local commission or any person interested, to the State commission, *in which event the matter of the propriety of such order or action of such local commission shall be tried de novo* as expeditiously as the circumstances permit. In cities, villages and incorporated towns having a population of over 200,000 inhabitants appeals from any such order or action shall lie to the license appeal commission of such city, village or incorporated town." (Italics ours.)

Appellant contends that the effect of this and other language in the statute is to vest the Local Liquor Control Commissioner with broad authority in granting and refusing to grant, for cause, liquor licenses, subject to review; that the issue before the License Appeal Commission is therefore whether or not the local commissioner abused that discretion; and that it is improper for the License Appeal Commission to reverse an order of the local commissioner unless there is a showing that his action was capricious, arbitrary, or without good cause. Appellees contend, in essence, that the statute provides for a de novo hearing before the License Appeal Commission; that the discretion of the local commissioner is not the issue; and that the License Appeal Commission may make an independent finding on the basis of the evidence adduced before it at the hearing on appeal.

 The courts of this state have never passed on the precise issue here involved. In Rajah Liquors v. Division of Alcoholic Beverage Control (1955), 33 N.

J. Super. 598, 111 A.2d 291, however, the New Jersey court made the following statement in construing a similar statute:

"The law entrusts the local board with a discretion as to the transfer of liquor licenses. . . . And the State Division on an appeal in such a matter, . . . will interfere in the exercise of the board's discretion only because of an abuse of the discretion, . . . that is, because of a manifest mistake; . . . clearly unreasonable action, or some more untoward impropriety. Such is the scope of review before the Division in such a matter, notwithstanding that testimony is taken de novo."

The Illinois Dram Shop Act expressly gives the local commissioner the power to grant or revoke for cause liquor licenses. Ill. Rev. Stat. 1953, chap. 43, par. 112. In interpreting the language of the statute it is clear that the local commissioner is vested with discretionary power in making these determinations. The case of Harrison v. People, 222 Ill. 150, is most pertinent. Our Supreme Court construed the power of the mayor under a city ordinance which provided that "The Mayor of the City of Chicago shall from time to time grant licenses for the keeping of dramshops within the City of Chicago to persons who shall apply to him in writing therefor and shall furnish evidence satisfying him of their good character." The court discussed the discretionary power of the mayor as follows:

"We are, however, of the opinion that there is vested in such authorities, unless expressly restricted by the language of the ordinance, a discretionary power, which may be reasonably exercised in the granting or refusing to issue a license."

Aside from the language of the statute itself, there is a sound basis in public policy for vesting this discretion in the mayor as Local Liquor Control Com-

425

missioner. The retail sale of intoxicating liquors when not properly conducted is a business fraught with danger to the community. The entire Dram Shop Act, with its ofttimes described "harsh" provisions, indicates the legislature's awareness of this fact. The question of whether a particular applicant should be granted a local liquor license raises a peculiarly local problem having to do with the public health, safety and morals of the community. Who is better able to solve these problems than the elected mayor? He is best equipped to make these decisions because there are available to him various sources of information, from which he can intelligently decide to grant or reject an application for license.

If the local commissioner does not have this discretion, his decisions in these matters are of no more effect than a recommendation to the License Appeal Commission. This is clearly not contemplated by the language of the statute. Paragraph 153 of the Dram Shop Act, which deals with appeals from the orders of the local commissioner, expressly states that the hearing before the State or the License Appeal Commission shall concern the *"matter of the propriety"* of the order or action of the local commissioner. In re Whitford's Liquor License (1950), 166 Pa. Super. 48, 70 A.2d 708, involved the construction of the word "propriety" as it appeared in a statute. The court said:

"A judicial inquiry as to the *propriety* of an act of a public authority involves judgment upon the discretion and wisdom exercised in the circumstances." (Italics ours.)

This language clearly indicates that the issue on appeal is whether or not the local commissioner abused his discretionary power, and whether he acted arbitrarily and without good cause.

426

■ Appellees contend that the testimony of the two police officers was hearsay and thus could not support the order of the local commissioner. This contention has no merit. The specific question before the License Appeal Commission in the instant case was whether the police reports justify the local commissioner's rejection of the application for license renewal, and not whether the evidence taken as a whole established the truth or falsity of the contents of the police reports. The testimony of the two police officers showed that the local commissioner's action was not arbitrary. Their statements were based upon information received through proper channels indicating that the applicant was not entitled to a renewal of its retail liquor license. The statute does not provide for a hearing and the introduction of evidence before the local commissioner when the renewal of a license is denied. There is no requirement as to the form or character of the evidence upon which the local commissioner may rely. It certainly is not required that he consider only matters that would be admissible in a court of law. Yarbrough v. Montoya, 54 N. M. 91.

■ The applicant's evidence contradicted the minors' identification of Peter Karr, the bartender, but failed to rebut the basic charge of sale of liquor to minors. The record shows that the local commissioner acted upon information reported to him by police officers which he believed to be true. This was not an instance of arbitrary or capricious action. We conclude that the judgment of the trial court and the License Appeal Commission was erroneous and should be reversed.

Order reversed.

SCHWARTZ and McCORMICK, JJ., concur.