79 Ill. App.2d 93 (1967)
223 N.E.2d 280
Mario Carnaghi, d/b/a Mario's Package Liquor Store, Plaintiff-Appellant,
v.
State of Illinois Liquor Commission and Robert L. Butler, Local Liquor Control Commissioner of Marion, Williamson County, Illinois, Defendants-Appellees.
Gen. No. 66-105.
Illinois Appellate Court  Fifth District.
January 23, 1967.
*94 Harris, Holbrook & Lambert, of Marion, for appellant.
Robert L. Butler, of Marion, for appellees.
MORAN, P.J.
This is an appeal from a judgment of the Circuit Court of Williamson County, Illinois, affirming the order of the State of Illinois Liquor Control Commission, which, in turn, had sustained the order of the Local Liquor Control Commissioner, suspending the liquor license of Mario Carnaghi, d/b/a Mario's Package Liquor Store, for ten days for allegedly having sold liquor to a minor.
The appellant contends that the State of Illinois Liquor Control Commission failed to conduct a trial de novo as required by Ill Rev Stats, c 43, § 153, and, instead, merely held a hearing to determine if there was evidence to sustain the order of the Local Liquor Control Commissioner.
The order of the State Commission provided in part that:
This Commission having heard and considered the evidence presented by the parties to this appeal at the hearing held at Springfield, Illinois, and being fully advised in the premises, FINDS:
1. That the evidence adduced at the hearing before the Commission sustained the order of suspension as entered by the Liquor Control Commissioner of the City of Marion, Illinois.
2. That no sufficient cause or reason has been presented to this Commission as to why the said order of suspension should be reversed or set aside.

*95 IT IS THEREFORE ORDERED that the Appeal of MARIO CARNAGHI, d/b/a Mario's Package Liquor Store, 106 N. Court Street, Marion, Illinois, from the aforesaid order of suspension, be, and the same is hereby denied.
IT IS FURTHER ORDERED that the said order of suspension entered by the Liquor Control Commissioner of the City of Marion, Illinois, be, and the same is hereby SUSTAINED.
The language of this order is identical to the language of the order which was considered in Grab It Here Package Liquor Store v. Illinois Liquor Control Comm., 53 Ill. App.2d 31, 202 NE2d 357. In a well-reasoned opinion by Judge Culbertson, the court stated that:
Under the Statutes (Ill Rev Stats 1963, c 43, Sec 153), the appeal to the State Liquor Commission is required to be tried de novo.... Apparently, on the determination of this cause the State Commission had treated the matter as though they were determining the propriety of the Local Commissioner's order, rather than exercising an independent judgment as the result of a trial de novo. While testimony of witnesses was heard, the order only reflects a review of the propriety of the Local Commissioner's decision. A trial de novo of the type contemplated by the Statute should be one which is had with the same effect and intent as if no action whatever had been instituted in the Court below (Bley v. Luebeck, 377 Ill. 50, 60, 35 NE2d 334). (Emphasis added.)
We believe that the reasons stated therein are quite applicable to the present case, especially since the language of the orders is identical.
Appellee argues that the State Commission need only determine whether the Local Commissioner abused his *96 discretionary power and whether he acted arbitrarily and without good cause. Daley v. License Appeal Commission, 63 Ill. App.2d 43, 211 NE2d 573, Roberts v. Illinois Liquor Control Commission, 58 Ill. App.2d 171, 206 NE2d 799 and Day v. Illinois Liquor Commission, 39 Ill. App.2d 281, 188 NE2d 883, rely upon Daley v. License Appeal Commission, 11 Ill. App.2d 421, 138 NE2d 733. The Daley case, 11 Ill. App.2d 421, 138 NE2d 733, interpreted Ill Rev Stats, c 43, § 153, which at that time provided that "the matter of the propriety of such order of action of such local commission shall be tried de novo...." Since then, our legislature has amended this statute to provide that "the matter of such order or action of such local liquor control commissioner shall be tried de novo...." Ill Rev Stats, c 43, § 153 (1957). Hence, the Daley case, and those cases which rely upon it, do not reflect the proper interpretation of the statute requiring a trial de novo on the matter of the Local Commissioner's order.
For the foregoing reasons, the judgment of the Circuit Court is reversed and remanded for action not inconsistent with this opinion.
Reversed and remanded.
EBERSPACHER and GOLDENHERSH, JJ., concur.