Richard J. Daley, Mayor and Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellant, v. Leo Casale, Licensee, License Appeal Commission of the City of Chicago, A. L. Cronin, Chairman, Defendants-Appellees.

Gen. No. 51,340.

First District, Third Division.

June 15, 1967.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin, Henry N. Novoselsky and Thomas F. Strubbe, Assistant Corporation Counsel, of counsel), for appellant.

Sydney Marovitz, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The Mayor of Chicago, as Local Liquor Control Commissioner (Commissioner) revoked the license of the de-

fendant Leo Casale to operate a dramshop on two grounds:

> 1. That the licensee is not a proper person to hold a City of Chicago Retail Liquor License by reason of his Federal Indictment on April 16, 1965, for interstate check fraud and attempting to fix a basketball game; and

> 2. That on July 9, 1965, during an altercation on the licensed premises, the licensee assaulted a patron on said premises, one John Roel, in violation of the statutes of the State of Illinois and the ordinances of the City of Chicago.

Defendant appealed to the License Appeal Commission, which reversed the order of revocation. The Commissioner then brought suit in the Circuit Court for administrative review. The court affirmed the decision of the License Appeal Commission and the Commissioner appeals.

It is conceded by the Commissioner that the charge with respect to the check fraud cannot be sustained, and we therefore limit our consideration to the sufficiency of the evidence on the finding that the licensee assaulted a patron on the premises.

It is undisputed that Roel, who had worked for defendant as a bartender, entered the dramshop on the night of July 9, 1965, with a male friend, Pat Shaw, and that a fight between Roel and the defendant occurred. Roel testified that he loaned defendant $3,000 when the two men had contemplated a partnership in the operation of the lounge and that defendant still owed him $800; that he came to the dramshop on the night in question to collect the debt, that he went behind the bar and was looking in the cash register when defendant entered; that defendant said he would not pay Roel the money; and that defendant then began a fight by grab-

bing Roel at the throat, throwing a punch and then tackling him.

Defendant testified that he came into the lounge and saw Roel at the cash register; that he told Roel he did not owe him any money; that he sat on a bar stool across from Roel who was still at the cash register; that Shaw came up behind him and that Roel punched him in the side of the head when he turned to watch Shaw. He further testified that Roel came out from behind the bar and began to hit and kick him; that he grabbed Roel's waist to protect himself and that Roel administered such a beating to him, he spent 10 days in the hospital. Sidney Clark, a bartender at the lounge, corroborated defendant's testimony that Roel started the fight by punching defendant and that Roel continued to hit and kick the defendant who was on the floor and in a dazed condition. Roel, who was 21 years old and an ex-football player, was six feet one inch tall and weighed 240 pounds. On oral argument it was stated by both parties that defendant was five feet, nine inches tall and weighed 140 pounds.

■ This court has on numerous occasions sustained the action of the Commissioner in revoking licenses of dramshop owners, Daley v. Kilbourn Club, Inc., 64 Ill App2d 235, 211 NE2d 778; Nechi v. Daley, 40 Ill App2d 326, 188 NE2d 243, and has recognized that the Mayor as Local Liquor Control Commissioner is vested with broad discretion to deal with the problems presented by a business "fraught with danger to the community." Daley v. License Appeal Commission, 11 Ill App2d 421, 138 NE2d 73; Nechi v. Daley, supra. The decisions in the cases herein cited have also stated the principle however that the order of revocation must be based upon sufficient evidence.

■ In the instant case defendant entered his own place of business to find an ex-employee standing at an

open cash register. Accepting the testimony of the city's witness, it is doubtful whether there is sufficient evidence to support the finding that the defendant assaulted John Roel. The narration by Roel, moreover, is incredible when consideration is given to the disparity in the size of the two men and the severity of the beating the defendant received.

The trial court properly sustained the order of the License Appeal Commission reversing the order of revocation, and the judgment of the Circuit Court is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.