Joseph W. McCray, Plaintiff-Appellee, *v.* Richard J. Daley, Mayor and Local Liquor Control Commissioner *et al.,* Defendants-Appellants.

(No. 54543;

First District—May 6, 1971.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Gayle F. Hoglund, Assistant Corporation Counsels, of counsel,) for appellants.

Michael D. Gitlitz, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendants appeal from a decision of the Circuit Court which reversed a decision of the License Appeal Commission of the City of Chicago, and which ordered the issuance of a retail liquor license to the plaintiff, Joseph McCray, for the premises at 8127 South Ashland Avenue, Chicago.

McCray made three applications for a liquor license for the same premises. The first one was in April· 1968. This application identified McCray as owner of the premises and stated that he was to be the sole owner of the business. However, in the course of a preliminary inquiry of a license investigator, McCray produced receipts which indicated that he was purchasing the property with John White who, the

officer concluded, was to be McCray's partner in the retail liquor business. The application was disallowed on the suspicion that McCray had a silent partner and had applied for the license as sole proprietor to avoid disclosing White's identity.

In May 1968 McCray and White applied for the liquor license as a partnership. An investigation of the applicants revealed that McCray had no police record other than a traffic violation and that White had been arrested once but never tried for any crime. While under arrest, White used the alias, John Dee, as he claimed he did not wish to be confused with a cousin, James White, who had a substantial police record. The application was denied by the local liquor control commissioner because it was assumed that John White might be a subterfuge for his cousin. However, no evidence was put forth to suggest that White and his cousin worked together in the past or had any intention of doing so in the future.

In October 1968 McCray filed his third application. In this application he stated that he was to lease the premises for two years and that he intended to operate the business himself. McCray's application was disapproved by the local liquor control commissioner, primarily due to his past association with White. The license appeal commission concurred. The Circuit Court found this ruling to be manifestly against the weight of the evidence and ordered that McCray be awarded a license.

McCray did not seek administrative review of the first or second denial of his application but he did the third. At the hearing before the commission the evidence disclosed that at the time of the first application he and White intended to purchase the property at 8127 South Ashland but that he was to operate the business alone. He showed the purchase contract to the license investigator who told him that since he and White were buying the tavern equipment as well as the building, White was his partner and would have to be so shown on the application. He then filed a second application with his co-purchaser listed as his partner, which application was disapproved because White's cousin, whom McCray did not know, had a police record. After this, McCray terminated his agreement with White, leased the premises in his own name and filed another application—only to have this denied, not because of his character, record or financial status, but because of his past association with White.

The appellants argue that it was error for the court to reverse the decision of the commission because it was supported by the evidence. They contend that McCray failed to comply with the provisions of the City ordinance which state that in applying for a license, "if the applicant is a partnership or firm, the application shall contain the names and

residence addresses of each of its members." (Municipal Code of Chicago, ch. 101, sec. 4.) It is further argued that the suspicious chain of applications creates a doubt as to the identity of the true proprietor of the liquor business.

■■ In reviewing the evidence we find little upon which to support these assertions. To assume from the evidence that McCray is attempting to obtain a liquor license without disclosing the existence of a partner is a purely arbitrary conclusion which this court cannot sustain. To have force and validity an evidentiary fact must have some fair relation or natural connection with the ultimate fact to be proved, and some tendency to prove it. (*Shoot v. Illinois Liquor Control Com.* (1964), 30 Ill.2d 570, 198 N.E.2d 497.) No such connection has been shown from the circumstances which led to the disapproval of McCray's first two applications and the ultimate conclusion to deny his third application.

■■ The regulation of the liquor business must be pursuant to a reasonable exercise of the police power; it must not be arbitrary or discriminatory, and one applying for a license is entitled to fair treatment from those empowered to grant or deny the license. (*Shoot v. Illinois Liquor Control Com., supra.*). In granting or denying applications for liquor licenses, the local liquor control commissioner is vested with considerable discretionary power; however, such power must not be abused, and good cause must be shown for the denial of an application. (*Daley v. License Appeal Com.* (1965), 3 Ill.App.2d 43, 211 N.E.2d 573.) A good cause was not shown in this case; the denial of McCray's third application for a license was contrary to the manifest weight of the evidence. The order of the Circuit Court will be affirmed.

Order affirmed.

McNAMARA, P. J., and McGLOON, J., concur.