ARTHUR R. STEVENS III, d/b/a THE ROMAN HOUSE, Plaintiff-Appellant, *v.* THE COUNTY OF LAKE *et al.,* Defendants-Appellees.

(No. 74-232;

Second District—November 27, 1974.

Collins, Stepanich & Collins, of Waukegan (Thomas P. Stepanich, of counsel), for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Julius Abler, Mark Zide, and William Marlatt, Jr., Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff filed a three-count complaint against the chairman of the Lake County Liquor Control Commission, its commissioners, and the County of Lake. He sought to enjoin the commission from interfering in the operation of his liquor business, which featured nude dancing as entertainment, as well as a declaration that part of the Lake County Liquor Control Ordinance was unconstitutional. He also sought to require issuance of a local liquor license by writ of mandamus.

The trial court initially granted plaintiff's request for a temporary injunction but, after a subsequent hearing, vacated the order, finding that the plaintiff had never been issued a local liquor license and was therefore in violation of those sections of the County Liquor Control Ordinance requiring retail liquor businesses to obtain and display an appropriate license. Accordingly, Count I of the complaint, seeking injunctive relief, was dismissed. The plaintiff then filed notice of interlocutory appeal under the provisions of Supreme Court Rule 305(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 305(b)(4)), and this court entered a stay order pending appeal which would have permitted him to continue operation of his liquor business without interference providing that he refrained from conducting any nude dancing on the premises. A second hearing was then held in the trial court on the mandamus and declaratory judgment counts (II and III) of the complaint as amended, and the trial judge entered an order dismissing both counts with prejudice. It is from this order that plaintiff also appeals.

██ In count III of his complaint, plaintiff requested that the provisions of the Lake County Liquor Ordinance prohibiting nude dancing be declared unconstitutional. We deem this issue to be controlled by the opinion of this court in *Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill.App.3d 306, 317 N.E.2d 129, filed subsequent to plaintiff's present appeal. Accordingly, we hold the challenged provisions of the ordinance to be valid and conclude that the trial court properly dismissed count III of the complaint.

With reference to the remaining issues, plaintiff contends that the trial court erred in finding that no liquor license had ever been issued to him by the local liquor commission. He argues that he complied with all the requirements of the county liquor ordinance which are precedent to the issuance of a local liquor license and that delivery of the physical license was therefore a nondiscretionary ministerial act as to which mandamus was a proper remedy. He also contends that his remedies were not barred, as the trial court also found, because of failure to pursue administrative review.

The County responds that the trial court's finding that no liquor

license had been issued was a determination of fact and must stand since it was not against the manifest weight of the evidence and that the trial court lacked jurisdiction to order the issuance of a license or to grant other relief because plaintiff had not exhausted his administrative remedies. Additionally, the County has filed motions which we have taken with the case urging a dismissal of this appeal because of plaintiff's failure to exhaust administrative remedies and seeking an order to hold plaintiff in contempt of this court for his alleged violation of the stay order by advertising and providing nude dancing entertainment and solicitation of patrons in conjunction with the sale of liquor on his business premises.

We first consider the motion to dismiss the appeal. It appears that the plaintiff's original complaint for mandamus and injunction dated July 5, 1974, was filed after the first hearing before the Liquor Control Commission of Lake County during which plaintiff claims he was informed that a license would be issued to him in due course. On July 11, 1974, however, plaintiff was required to participate in a further hearing before the local Liquor Control Commission, and at that time he testified that he had hired nude dancers beginning on July 3, 1974, and that solicitation of patrons was made by girls who earned a certain commission for each drink solicited. He said that he made the decision to hire the nude dancers between June 28 and July 2. On the contrary, Mr. Coles, chairman of the Commission, testified that no decision to grant or deny plaintiff's application for a liquor license had been reached at the initial hearing and that hearings in the matter were therefore never terminated. It was not until July 25, 1974, that plaintiff's application for a local liquor license was finally acted upon. In a letter from the chairman of the local commission, Stevens was advised that his application had been denied. The reasons included a finding that Stevens was not a resident of Lake County at the time of his application, that he had failed to establish his ownership of the premises sought to be licensed and that he had failed to properly describe the premises as required by the Lake County Liquor Control Ordinance. Furthermore, it was noted that, after representing to the commission under oath that he would not engage nude dancers, Stevens provided nude dancing entertainment and permitted the solicitation of customers in conjunction with the sale of liquor on the premises without having first been issued an appropriate liquor license.

■■ Plaintiff thereupon amended his complaint in the trial court to allege the denial of his application for a local liquor license, and, on August 5, 1974, he filed his notice of appeal pursuant to section 8 of the Dram Shop Act (Ill. Rev. Stat. 1973, ch. 43, par. 153) from the written

order of the Lake County Liquor Control Commission refusing to issue the license. He further requested a hearing de novo before the State Liquor Control Commission and it appears that the proceedings before the State Commission are still pending. The County argues that the plaintiff's failure to exhaust administrative review procedures precluded jurisdiction in the trial court and makes the proceedings here moot. We do not agree. We think that the question of exhaustion of administrative remedies goes to the propriety of the trial court's dismissal and not to its jurisdiction. In ruling on that question, therefore, we do not deal with a case that is moot. (See *De Kalb Savings & Loan Ass'n, Inc. v. Hulman* (1968), 91 Ill.App.2d 477.) This is not to say, however, that the trial court was in error in dismissing the complaint below. We conclude, to the contrary, that the court acted correctly and should be affirmed.

██ Mandamus is not a writ of right but is awarded solely in the exercise of sound judicial discretion in accordance with legal principles and only where the plaintiff establishes a clear right to the extraordinary remedy. (*People ex rel. Hoagland v. Streeper* (1957), 12 Ill.2d 204, 218; *People ex rel. Hamer v. Jones* (1968), 39 Ill.2d 360, 368.) Mandamus is a proper remedy to compel a public official to perform an official act which is purely administrative in scope or to compel a public official to perform a nondiscretionary ministerial duty if the relator has a clear legal right to have the duty performed and it appears that the official has arbitrarily and without authority refused to perform it. (*People ex rel. Richter v. Telford* (1968), 103 Ill.App.2d 132, 134; *People v. Civil Service Com.* (1969), 117 Ill.App.2d 50, 57.) Where the acts to be directed are not ministerial, however, but rather within the discretion of a public official or administrative agency mandamus will not lie to compel the manner of exercise of that discretion unless an abuse has been shown. *Lenert v. Wilson* (1965), 56 Ill.App.2d 325, 332.

██ In making determinations with regard to the licensing of local liquor businesses it is established that a considerable degree of discretion is vested in local liquor control commissioners. (*Daley v. License Appeal Com.* (1956), 11 Ill.App.2d 421, 425-26.) The business of selling alcoholic liquors at retail when not properly done is a business "fraught with danger to the community" and raises peculiarly local problems pertaining to the public health, safety and morals of the community. (*Day v. Illinois Liquor Com.* (1963), 39 Ill.App.2d 281, 287.) Thus, a sound basis in public policy exists for vesting discretion in the local liquor control commission. Such power, however, must not be abused. One applying for a license is entitled to fair treatment and good cause must be shown for the denial of an application. *McCray v. Daley* (1971),

133 Ill.App.2d 67, 69; see also 52 Am. Jur. 2d *Mandamus* § 213 (1970).

Plaintiff argues that he had met all of the conditions precedent to the granting of the license at the initial hearing on June 27, except for documentation, subsequently furnished and approved, and that mandamus should therefore lie to compel the liquor commissioner to perform the ministerial act of signing and issuing the document itself. He concludes that the license was constructively issued on July 2 when he deposited his $1,500 fee and was given a receipt which referred to license 159. Thereafter, he argues, the safeguards and procedures necessary to revoke a license once issued should apply.

Plaintiff Stevens testified at the hearing on July 11 that he talked with the chairman of the Liquor Control Commission at the conclusion of the June 27 hearing and was told that there would be no further hearings. He then inquired as to when he would have to pay the $1,500 fee and was told by Mr. Coles that he should pay when he got the license. Plaintiff further testified that the attorney for the commission had requested a waiver from the previous licensee and a copy of the purchase agreement and that these were delivered. On July 2, following delivery and approval of these documents, plaintiff claims that he went to the commission office and was told by the secretary, Linda Hensgen, that she had written a note to tell him that his license was ready to be picked up. According to his further testimony Stevens gave her the $1,500 check and received the receipt upon which the number 159 was written. He claims that Miss Hensgen told him that he could open up on the basis of the receipt and that the original license would be mailed to him.

Linda Hensgen testified that she assigned a license number on the receipt at Stevens request, that she did not tell him that the license was issued, that she was not authorized to issue licenses on behalf of the county, and that chairman Coles had never given her a signed license. The license fee check received from the plaintiff was never cashed by the county.

Chairman Coles testified that he probably had indicated to Stevens after the first hearing on June 27 that it would be possible Stevens would not have to return for any further hearings. Coles indicated that this was standard procedure, established to save an applicant the aggravation of coming back as the license was not usually issued until the commissioners had a final hearing and discussed the application. Further testimony established that the regular motion to issue a license had not been made at the June 27 hearing, that the hearing was continued to an unspecified date, that further hearings on the application were ultimately

held, and that the final decision denying plaintiff's application was not made until July 25.

On this record plaintiff has not sustained the burden which is upon him to show a clear and undisputed right to the writ of mandamus. (See *People ex rel. Latimer v. Board of Education* (1946), 394 Ill. 228, 236; *People ex rel. Pignatelli v. Ward* (1949), 404 Ill. 240, 244.) The applicant argues on one hand that the license was in fact issued and, on the other, that he was entitled to a writ of mandamus to require the commissioner to issue the license. In any event, despite conflicting evidence, the trial court's factual determination that the license was not issued is not against the manifest weight of the evidence.

Plaintiff's argument that the license was constructively issued is also not persuasive. Even if we were to accept his argument that at the time of the first hearing all conditions precedent to the issuance of the license had been met and no further hearing was then contemplated, it would not necessarily follow that mandamus should lie. Plaintiff relies principally on the holding in *People ex rel. Dickey v. White* (1965), 59 Ill.App.2d 148, to support his argument. That decision, however, involved a plumbing license issued pursuant to the Plumbing License Act (Ill. Rev. Stat. 1963, ch. 111½, par. 116.42) which required the director of registration of the county to issue a plumbing license certificate to every applicant who had passed the examination and paid the required fee. It is apparent, as the appellate court held in its opinion, that no discretion remained in the director to refuse a license to one who had passed the examination. In contrast, the licensing scheme evident in the dram shop enabling legislation (Ill. Rev. Stat. 1973, ch. 43, par. 110) provides a far greater discretion in local liquor commissioners to determine, subject to the right of appeal, the qualifications of an applicant for a local retailer's license. (*Retail Liquor Dealers Protective Ass'n v. Fleck* (1951), 408 Ill. 219, 224, 227.) As a corollary, the local commissioner may not be compelled by writ of mandamus to issue a license which has been reasonably and fairly refused in the exercise of such discretion. See *Harrison v. People ex rel.* Raben (1906), 222 Ill. 150, 153.

Further, it is undisputed that plaintiff was specially asked at the June 27 hearing whether he would have nude dancing in his establishment and responded that he would not. Despite his representation, plaintiff did, in fact, provide his customers with that precise form of entertainment. At the time there was in force a regulation in Lake County which we have construed as properly prohibiting nude dancing in liquor establishments subject to the regulation. *Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill.App.3d 306, 317 N.E.2d 129.

■■ In keeping with the purposes of dram shop legislation and the evils intended to be avoided therewith, when a liquor licensing authority discovers false statements in an application or other previously unknown grounds which would justify either revocation or denial of a license prior to the actual execution and delivery of the license document, it should not be necessary for the licensing authority to first proceed with the execution and delivery of the license and to then institute revocation proceedings. Accordingly, mandamus does not properly lie to require issuance of the liquor license. It would, of course, follow that if the plaintiff did not have a license to operate and could not require that one be issued there was no basis for the injunctive relief sought.

The trial court dismissed the cause on the grounds that counts II and III did not present a justiciable controversy when considered in light of section 2 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 265), which prohibits any equitable or common-law manner of reviewing the decision of an administrative agency specifically adopting the provisions of the Administrative Review Act.

■■ Based upon our conclusion that the record supports the finding of the trial court that no liquor license had, in fact, been issued by the liquor control commission and that subsequent to the July 2 date relied upon by plaintiff further discretion was vested in the defendants to rule on plaintiff's application, we would agree that plaintiff was bound to pursue his remedies under the Administrative Review Act.

We have concluded that at the time plaintiff originally sought equitable and common-law relief below his cause was still pending before the local liquor control commission. During this period, the trial court dismissed count I of the plaintiff's complaint. After subsequent hearings in the trial court, counts II and III of the complaint were also dismissed. These remaining counts were dismissed, however, after the licensing matter had already been concluded by the local commission and review in a trial de novo was available before the State Liquor Control Commission under provisions of the State Liquor Control Act (see Ill. Rev. Stat. 1973, ch. 43, par. 153). Since the Administrative Review Act exclusively applies to and governs actions to review judicially a final decision of an administrative agency when the act creating the agency provides for administrative review (*People ex rel. Chicago & N.W. Ry. Co. v. Hulman* (1964), 31 Ill.2d 166, 169; *People ex rel. United Motor Coach Co. v. Carpentier* (1959), 17 Ill.2d 303, 306) and in view of the fact that section 8b of the Illinois Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 154a) provides for the administrative review of final rulings of the State Liquor Commission, the trial court properly concluded that

plaintiff had failed to exhaust his administrative remedies before seeking judicial relief.

For the reasons stated we affirm the judgment below.

The county has also filed a motion, which we have taken with the case, seeking to hold plaintiff in contempt for violation of this court's order of July 23, 1974, continuing in force a temporary injunction which was issued but later dissolved by the trial court.

The injunction restrained the county or its employees from interfering with the conduct of plaintiff's business, provided plaintiff refrain from conducting any nude entertainment upon his business premises. Our stay order was to become effective upon the filing of a $500 bond by plaintiff and to remain in force until further order of this court, unless the proviso contained therein was breached. Plaintiff in his answer to the county's motion for contempt admits that he served alcoholic beverages and presented nude dancing but denies that our order of July 23, 1974, was in effect. The defendant has made a further motion to vacate our stay order which we have also taken with this case.

■■■ The courts are vested with an inherent power to punish for contempt as an essential incident to the maintenance of their authority in the administration and execution of their judicial powers. (*People v. Javaras* (1972), 51 Ill.2d 296, 299.) We think it follows that this power further inheres to punish the violation of an order in the aid of a reviewing court's appellate jurisdiction. (See *In re Koome* (1973), 82 Wash. 2d 816, 514 P.2d 520, 523; *In re Estate of Cassidy* (S. Ct. Me. 1973), 313 A.2d 435, 439; see also Ill. Rev. Stat. 1973, ch. 110A, par. 366(a)(5).) We find no occasion to exercise this power here, however.

The stay order expressly provided that it was to "become effective upon the filing of a $500 bond by the plaintiff." The bond was not filed and the stay order thus never went into effect, although the State apparently believed it was operative. Even if the stay order had been in effect, it would have been effectively terminated when the plaintiff combined the sale of intoxicating beverages with the furnishing of nude dancing. Accordingly, defendants could thereupon have proceeded against the plaintiff as if there were no stay order. The motion to hold plaintiff in contempt is therefore denied. The subsequent motion of defendants to vacate our stay order is rendered moot and is also denied.

Affirmed.

T. MORAN, P. J., and RECHENMACHER, J., concur.