ACE PRODUCE, INC., Plaintiff-Appellant, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

Fifth District    No. 80-94

Opinion filed February 17, 1981.

Crowder, Traughber & Scoggins, Ltd., of Columbia, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Ace Produce, Inc., applied to Clarence J. Trankle, local Liquor Control Commissioner of Monroe County, Illinois, for a license to sell package alcoholic beverages. The application was denied and this decision was upheld on appeal to the Illinois Liquor Control Commission. On administrative review, the Circuit Court of Monroe County affirmed the Commission's decision, and this appeal followed.

Ace Produce, Inc., is a Missouri corporation engaged primarily in the sale of produce at its premises located on the east side of Illinois Route 3 at the intersection of Route 3 and Bypass Route 50 in the unincorporated area of Monroe County. Bypass 50 leads to the Jefferson Barracks bridge that crosses the Mississippi River into Missouri. Ace Produce, Inc. also sells picnic items at its place of business. The local Liquor Control Commissioner denied Ace Produce's application for a liquor license solely because the insufficient parking area at its place of business created a hazardous traffic condition at this busy intersection which would be exacerbated by the sale of alcoholic beverages at the premises.

In its written decision, the Commission found that "the premises for which the liquor license is sought does not have sufficient parking and that a resultant hazardous traffic condition exists and would continue to exist and be exacerbated by the issuance of any license at this location" and concluded that the issuance of a license at this location would be injurious to the health, safety and welfare of motorists.

■■■ Plaintiff contends that the Commission's finding pertaining to the hazardous traffic conditions is against the manifest weight of the evi-

dence. Plaintiff also argues that the local commissioner denied Ace Produce's license for a reason not authorized by statute. Plaintiff's final argument is that Trankle had no authority to deny the license on public safety grounds because the Monroe County Board had failed to enact any liquor control ordinance authorizing this action.

Plaintiff contends that the record does not support a finding that Ace Produce is located in a hazardous location inasmuch as incompetent evidence was introduced as proof of this assertion and the competent evidence did not support this conclusion. The local liquor control commissioner, a former State police officer, was knowledgeable of traffic conditions at this location. The record indicates that Officer Walt Riebling, chief of police for the city of Columbia, testified to seven accidents involving traffic entering or leaving Ace Produce's premises from May 1977 to February 1979. The record also includes photographic exhibits of the intersection at Route 3 and Bypass 50 with traffic entering and leaving Ace Produce. Testimony was also taken as to the physical dimensions of Ace Produce's parking lot and its location relative to the intersection of Route 3 and Bypass 50 which indicated that it was necessary to back onto Route 3 when leaving the parking lot because of inadequate parking area. We cannot say that the Commission's findings of fact, which must be considered *prima facie* true and correct, are against the manifest weight of the evidence.

■■ Nor do we believe that the Commission's decision was based on incompetent evidence. Neither the exhibits, nor the testimony describing Ace Produce's parking lot and the nearby intersection was objected to by plaintiff. The only objections to Officer Riebling's testimony were on the grounds of improper foundation and hearsay. Defendant subsequently cured those objections by laying a proper foundation as to Riebling's supervision and control over the officers who investigated the accident and his review of their reports. Thus, we believe that the Commission's decision was based on properly admitted and competent proof. We note that the Commission is allowed to rely on evidence which would be inadmissible in a court of law (*Daley v. License Appeal Com.* (1956), 11 Ill. App. 2d 421, 138 N.E.2d 73; Ill. Rev. Stat. 1979, ch. 127, par. 1012(a)) if it would be the type relied on by a reasonably prudent man in the conduct of his affairs. The Commission held that Riebling's testimony was reliable. We agree and find no error in the Commission's reliance on that testimony.

The second issue raised by plaintiff is that the local commissioner denied Ace Produce's license application for a reason not authorized by the Liquor Control Act. Section 1 of article IV of the Act, relating to local control (Ill. Rev. Stat. 1979, ch. 43, par. 110), provides in part:

"In every city, village or incorporated town, the city council or

president and board of trustees, and in counties in respect of territory outside the limits of any such city, village or incorporated town the county board shall have the power * * * to establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require; and to provide penalties for the violation of regulations and restrictions, including those made by county boards, relative to operation under local licenses; provided, however, that in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a and 21 of Article VI of this Act."

Sections 2, 8, 8a and 21 of article VI of the Act (Ill. Rev. Stat. 1979, ch. 43, pars. 120, 127, 127a, 142) do not authorize the denial of a license because of traffic hazards at the licensed premises. Section 2 is concerned with persons ineligible for licenses; section 8 with retail sales near churches, schools and hospitals; section 8a with licenses to places of business frequented by school children; and section 21 with licensing of restaurants and clubs.

■■ While nothing in section 1 of the Act expressly authorizes the denial of a license for the reason stated, we do not believe that the limitations are intended to be exclusive, nor deny to the local commissioner or the State Liquor Control Commission the power to deny a license for genuine reasons related to the public health, safety and morals. Section 1 of article IV does not limit the discretionary powers vested in local commissioners. Local liquor control commissioners have traditionally been accorded broad discretionary powers to protect the public health, safety and morals in matters concerned with the sale of alcoholic beverages. (*Stevens v. County of Lake* (1974), 24 Ill. App. 3d 51, 320 N.E.2d 263.) In *Palmer v. Illinois Liquor Control Commission* (1979), 77 Ill. App. 3d 725, 396 N.E.2d 325, the court found that the restrictions in section 1 of article IV of the Act were applicable only to legislative action by the appropriate local legislative authority in adopting liquor control ordinances and were not intended to limit the exercise of discretion by the local liquor control commissioner in considering hazardous traffic conditions as a basis for refusal to issue a license. Therefore, the test to be applied is whether the commissioner's refusal to issue a license was based on good cause. *McCray v. Daley* (1971), 133 Ill. App. 2d 67, 272 N.E.2d 815.

■■ The record establishes that Ace Produce is in an area of hazardous traffic congestion. The traffic conditions in an area are a factor which may properly be considered by a local commissioner in refusing to issue a liquor license. Thus, Trankle's refusal to issue a license was based on good cause and would be an appropriate ground for the denial of the license by

the State Liquor Control Commission after hearing *de novo*. The determination of the Commission was not against the manifest weight of the evidence.

■■ The final argument of plaintiff is that the Monroe County liquor commissioner does not have the authority to refuse a license on public safety grounds when the county board has not enacted an ordinance authorizing the Commissioner's action. This argument misapprehends the source of the Commissioner's authority. Section 3 of article IV of the Act (Ill. Rev. Stat. 1979, ch. 43, par. 112(1)) empowers each commissioner to "* * * grant * * * or revoke for cause all local licenses issued to persons for premises within his jurisdiction." The power to grant licenses also includes the power to refuse licenses. The commissioner cannot exercise unbridled discretion in denying licenses because his actions must be for cause and fair procedures must be used in arriving at any determination. (*Stevens v. County of Lake* (1974), 24 Ill. App. 3d 51, 320 N.E.2d 263.) Within these guidelines a commissioner is given broad discretion because the decision of whether an applicant should be granted a license poses a question of local concern that may have a substantial impact on the public's health and welfare. (*Daley v. License Appeal Com.* (1956), 11 Ill. App. 2d 421, 138 N.E.2d 73.) Thus, Commissioner Trankle was properly exercising the power vested in him by the legislature, and no enactment by the Monroe County Board was necessary to validate his actions.

We find no error in the actions taken by Commissioner Trankle. However, the real issue is the propriety of the Commission's action because the decision of the Commission is a *de novo* determination of the matter in dispute. (Ill. Rev. Stat. 1979, ch. 43, par. 153.) We believe that the action taken by the Commission in denying plaintiff a license was supported by the evidence and was properly based on considerations of public safety.

For the above reasons, the decision of the Circuit Court of Monroe County is affirmed.

Affirmed.

KASSERMAN, P. J., and JONES, J., concur.