People of the State of Illinois on the Relation of William T. Dickey, Plaintiff-Appellee, v. William Sylvester White, Director of the Department of Registration and Education, Defendant-Appellant.

Gen. No. 10,602.

Fourth District.

February 4, 1965.

William G. Clark, Attorney General, of Chicago (Raymond S. Sarnow, A. Zola Groves, and Richard A. Michael, Assistant Attorneys General, of counsel), for appellant.

Roscoe Bonjean, of Springfield, for appellee.

SMITH, P. J.

The circuit court of Sangamon County issued its writ of mandamus commanding the defendant Director of Registration to issue a plumber's license to the plaintiff-petitioner. Defendant Director appeals from the order awarding the writ insisting here, as he did there, that the sole remedy of the petitioner is under the Administrative Review Act, Ill Rev Stats 1963, c 110, § 264 et seq. and not by way of mandamus. The jurisdiction of the trial court over the subject matter of the petition is thus the limited issue for our determination.

The petition for mandamus alleges the residence of the petitioner in the Village of Pawnee; the approval of his application for license by the Director; the payment and acceptance of the $50 plumber license fee; the passage of an examination by petitioner; the refusal of the Director to issue the license; and that such refusal is without warrant of law and is arbitrary. Defendant filed his motion to dismiss for want

149

of jurisdiction asserting that petitioner had not exhausted his administrative remedies and that the sole method of judicial review was under the Administrative Review Act. The trial court denied the motion; defendant elected to stand by his motion; the writ was ordered; and the writ issued in due course.

The defendant relies on the Plumbing License Law, Ill Rev Stats 1963, c 111½, § 116.60, reading in part as follows:

"All final administrative decisions of the Director hereunder shall be subject to judicial review pursuant to the provisions of the 'Administrative Review Act,' . . . ."

Section 265 of the Administrative Review Act states:

"This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof."

In the recent case of People ex rel. Chicago & N. W. Ry. Co. v. Hulman, 31 Ill2d 166, 169, 201 NE2d 103, 105, our Supreme Court denied mandamus and stated that "it has become firmly established that where an act creating or conferring power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-existing methods of securing judicial review is prohibited." (Citing cases.) At first blush, it would appear that this language is unequivocal, conclusive, and dispositive of this case.

Petitioner, however, asserts that no decision or determination of the Director is here involved but that it had been made in favor of the petitioner and nothing remained for the Director to do but issue the license under the statutory mandate. This position is grounded on two sections of the Plumbing License Act. Paragraph eight of the Act, Ill Rev Stats 1963, c 111½, § 116.42 states:

"The Director shall:
(5) Issue a plumber's license certificate to every applicant who has passed the examination and who had paid the required license fee."

Paragraph eleven of the Act, Ill Rev Stats 1963, c 111½, § 116.45 states:

"Issuance of license ¶ 11. The Director shall issue plumber's license certificates to those applicants who pass the examination upon payment to the Department of the required license fee. Such license certificates shall be issued in the name of the Department with the seal thereof attached."

Paragraph ten of the Act provides that when an application is approved, the Department shall promptly notify the applicant of the time and place of the examination. If the application is disapproved, the Department shall notify the applicant, stating the reasons therefor and refund the examination fee.

■ ■ For the purposes of the motion, we necessarily accept as true the facts stated in the petitioner's verified petition. It thus appears that an application for license was filed; that it was approved by the Department; that petitioner was notified of, took and passed the examination given by the Department and that the statutory license fee was paid to and accepted by the Department. Under these cir-

151

cumstances, the mandate twice-stated in the statute is that the license issue. Every decision or determination or condition precedent to the issuance of the license had been made or performed. Nothing remains for the Director to do but perform the perfunctory and ministerial function of issuing and delivering the license. It was his duty to do so. The administrative determination, decisions or judgment reposing in him by statute have already been made by him and in favor of the petitioner. Petitioner seeks no judicial review of them and none is required. Petitioner seeks only to have the fruits of the administrative determinations already made. In our judgment neither $116.60 of the Plumbing License Act nor the decision of the Supreme Court in Hulman or its antecedents inhibit or prohibit the use of mandamus in the very limited and restricted field of judicial remedies with which we now deal. Under the facts in this record, the refusal to issue the license was not a "final administration decision" under § 116.60. The statute makes the decision for him. There was no decision for him to make. Nothing remained for him but to act and the trial court correctly directed him to do so.

Accordingly, the judgment of the circuit court of Sangamon County should be and it is affirmed.

Affirmed.

TRAPP and CRAVEN JJ., concur.