De Kalb Savings and Loan Association, Inc., a Savings and Loan Association, Plaintiff-Appellant, v. Justin Hulman, Savings and Loan Commissioner of the State of Illinois, and H. H. Belding, Jr., et al., Savings and Loan Board of the State of Illinois, Defendants-Appellees.

Gen. No. 51,824.

First District, Fourth Division.

February 7, 1968.

Arthur Abraham and Henry S. Frank, of Chicago, for appellant.

William G. Clark, Attorney General of the State of Illinois, of Chicago (Richard A. Michael, John J. O'Toole, and Robert F. Nix, Assistant Attorneys General, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff sought a mandamus to compel the Savings and Loan Board of the State of Illinois (hereinafter referred to as "Board") to grant a hearing on its objections to the order of the Savings and Loan Commissioner approving the license application of the Security Savings and Loan Association of De Kalb. The complaint alleged in relevant part that on December 1, 1965, the Savings and Loan Commissioner of the State of Illinois (hereinafter referred to as "Commissioner") approved the application of Security Savings and Loan; that prior to this, on November 10, plaintiff had sent written notice to the Commissioner of its desire to object to the approval of the application; that on November 16, 1965, when plaintiff orally advised the Commissioner of its intent to have a hearing on its objections, the Commissioner stated that a formal written notice of such intent would not be required; that on December 31, 1965, it filed a complaint with the Commissioner stating reasons for setting aside

his order and that on January 28, 1966, the defendants denied the request of plaintiff for a hearing before the Savings and Loan Board of the State of Illinois.

Defendants moved to dismiss the complaint because plaintiff's remedy was a suit under the Administrative Review Act rather than a mandamus and because the complaint failed to state a cause of action.[1] Plaintiff appeals from the trial court's order dismissing the complaint with judgment for defendants.

Plaintiff first contends that mandamus was a proper remedy and that it was not limited to a suit under the Administrative Review Act. Plaintiff argues that it is clearly the Board's duty to grant it a hearing under the terms of section 861, chapter 32, Illinois Revised Statutes, 1965, which provides for a hearing before the Savings and Loan Board for parties "aggrieved" by the decision of the Savings and Loan Commissioner. (See North Federal Savings & Loan Ass'n of Chicago v. Becker, 24 Ill2d 514, 182 NE2d 155, which holds that an economic competitor is a party aggrieved.) Section 864, chapter 32, Illinois Revised Statutes, 1965, expressly provides for the review of decisions of the Savings and Loan Board under the Administrative Review Act. Section 2 of the Administrative Review Act (Ill Rev Stats, 1965, c 110, § 265) provides in relevant part:

> This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or *conferring power* on such agency, by *express reference, adopts the provisions* of this Act. In all such cases, *any other* statutory, equitable or common law *mode of*

---

[1] Plaintiff alleged in the complaint that it never received notice of the Commissioner's decision but it failed to answer defendants' affidavit and exhibits showing receipt of such notice by plaintiff and by its attorney. Plaintiff makes no point on this appeal of its alleged failure to receive notice.

*review* of decisions of administrative agencies heretofore available shall *not be employed* after the effective date hereof.

Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall *be barred* from obtaining judicial review of such administrative decision. (Emphasis added.)

■ Plaintiff argues that the instant case is controlled by Frank v. State Sanitary Water Board of Illinois, 33 Ill App2d 1, 178 NE2d 415. There the court determined that mandamus was a proper remedy when the aggrieved nonparty was refused the right to intervene in the administrative hearing and therefore had no standing to seek an administrative review. Frank is inapplicable since in the instant case plaintiff is seeking a mandamus to review the order denying it a hearing, a proceeding to which it was a party. Plaintiff's only proper remedy was by administrative review. In People ex rel. Chicago & N. W. Ry. v. Hulman, 31 Ill2d 166, 201 NE2d 103, at page 169, the court stated:

. . . the Administrative Review Act exclusively applies to and governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference.

■ ■ Plaintiff's second contention is that even if its proper remedy was administrative review, the Administrative Review Act requires no magic words. It points out that it has substantially fulfilled the requirements of the Administrative Review Act regarding content of the complaint and time of filing and asks that we consider its complaint as a petition for administrative review. The Administrative Review Act was intended to simplify and

unify the various procedures for attaining judicial review of administrative decisions. People ex rel. Fike v. Slaughter, 31 Ill App2d 175, 175 NE2d 585. The legislature wished to provide a simple mode of review and eliminate the complicated traditional actions. Had the legislature wished only to provide an additional mode of review it would not have been necessary to include section 2 of the Administrative Review Act (supra) prohibiting other forms of review. The statute is explicit and the plaintiff was apprised of his error in time to amend his complaint, but made no effort to do so. The complaint sought injunctive relief and a writ of mandamus. An examination of it does not show proper compliance with the Administrative Review Act. The complaint pleads ultimate facts without producing the record thereof and is therefore inadequate. Krachock v. Department of Revenue, 403 Ill 148, 85 NE2d 682.

Although our ruling on its first contention makes it unnecessary to do so, we will briefly discuss plaintiff's argument that it is entitled to a hearing under Illinois Revised Statutes, 1965, chapter 32, section 861, which reads in relevant part:

> The Board shall upon the verified complaint in writing of any person setting forth facts which if proved would constitute grounds for reversal or change of any decision, order or action of the Commissioner grant a hearing thereon. If the aggrieved party desires such a hearing, he shall, within 10 days of receipt of notice of such decision, order or action, *file written notice* with the *Board of intent* to demand a hearing *and shall,* within 30 days of receipt of notice of such decision, order or action, file his *verified complaint* in writing. (Emphasis added.)

Defendants point out that plaintiff has failed to follow the procedure of section 861 and maintain that because of

■■■■■■■■■■■■■■■■■■■■■■■

this failure plaintiff is not entitled to a hearing. Section 861 requires that plaintiff notify the Savings and Loan Board within ten days of receipt of notice of the decision of its intent to demand a hearing and within thirty days file a complaint with the Board. All of plaintiff's notifications of intent to demand a hearing, as well as the complaint itself, were directed to the Commissioner rather than the Board. We think that there is a real and substantial distinction between the Board and the Commissioner for it is the Commissioner's decision which the Board would review. The Commissioner would be an adverse party before the Board. Of the two purported notices of intent to demand a hearing the written one was filed with the wrong party twenty days before the decision. It stated only that plaintiff wished to object to the application of its competitor. This is more suggestive of a desire to intervene than a desire to seek a review under section 861. The second purported notice occurred fourteen days before the decision and did describe a hearing under section 861. It is apparent from a reading of section 861 that notice was to be filed after the decision was made. Plaintiff argues that these provisions were only directory and that compliance with them was not a condition precedent to a hearing. Plaintiff refers us to a number of cases holding that provisions of various statutes were directory. None of these cases discusses situations similar to that before us. On the other hand in Skokie Federal Savings and Loan Ass'n v. Savings and Loan Board of the State of Illinois, 88 Ill App2d 373, 232 NE2d 167, the court discussed a similar set of facts. There the plaintiffs sought review under the Administrative Review Act of the Savings and Loan Board's order denying them a hearing under section 861. Plaintiffs had sent written notice to the Board within the ten-day period but the notice referred explicitly to their intent to seek judicial review under the Administrative Review

Act rather than apprising the Board of an intent to seek a review under section 861. Thereafter, and within the thirty-day period, plaintiffs filed the requisite complaint with the Board seeking a hearing under section 861. The court held that the requirement of notice within ten days was mandatory and that plaintiffs, due to their explicit reference to administrative review rather than a hearing before the Board, had failed to comply. The court said at page 5 that it would "not interfere with the exercise of the legislatively created powers of an administrative agency absent a showing that the agency's actions were palpably arbitrary, unreasonable, or capricious."

█ Plaintiff in the instant case failed to comply with section 861 in the following respects:

1. Both the complaint and notice of intent were sent to the Commissioner instead of to the Board, and
2. Statutory notice was not sent within the prescribed ten-day period.

Therefore we cannot find that the denial of a hearing was unreasonable.

█ Finally, plaintiff contends that even if the requirement of a written filing within ten days was mandatory, the fact that the Commissioner advised it that formal notice would not be necessary should estop the agency from using this omission to deny a hearing. Since the statute explicitly requires that the written notice be given to the Board, it could not be held that the Commissioner had the right to waive this notice for the Board.

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.