THE PEOPLE ex rel. WALTER J. BODDINGTON, Plaintiff-Appellee, v. WIL-
LIAM H. ROBINSON, Director of the Department of Registration and
Education, Defendant-Appellant.

(No. 12844; ▮▮▮▮▮▮▮▮)

Fourth District—January 14, 1976.

*Rehearing denied March 26, 1976.*

William J. Scott, Attorney General, of Chicago (Ann Sheldon, Assistant
Attorney General, of counsel), for appellant.

Thompson & Strong, of Pontiac (Kenneth L. Strong, of counsel), for
appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the Court:

Plaintiff filed a petition for a writ of mandamus, which requested that
the Department of Registration and Education be ordered to issue him a
sanitarian license under section 6 of the Illinois Sanitarian Registration
Act, hereinafter referred to as the Act (Ill. Rev. Stat. 1971, ch. 111½,
§ 556). The trial court issued the writ. We reverse.

Section 6 of the Act provides, in part:

"Any person who is actively engaged in practice as a sanitarian on the effective date of this Amendatory Act of 1971, is not less than 21 years of age, is of good moral character and temperate habits, meets the citizenship requirements of Section 4 of this Act, and has been actively engaged in the field of environmental sanitation for at least 3 of the last 5 years immediately prior to the effective date of this Amendatory Act of 1971 shall be registered as a sanitarian, without examination, if he makes application and pays the required fee before December 1, 1971."

Section 6 waives certain requirements for those engaged in practice on the effective date of the Amendatory Act of 1971.

Absent from section 6 are the prerequisites for a license contained in section 4 (Ill. Rev. Stat. 1971, ch. 111½, § 554) of specific educational achievements, and passing an examination. Section 4 also specifically requires that the field experience be obtained under the supervision of a registered Sanitarian or Sanitary Engineer.

Defendant had maintained in the trial court that a correct interpretation of section 6, in the light of other provisions of the Act, would be that the field experience referred to must be obtained under the full-time supervision of a registered sanitarian. Plaintiff, on the other hand, argued that the section was clear and it made no reference to supervision. Therefore supervision was not required. Both parties renew their arguments in this court. We hold that regardless of which interpretation of section 6 is accepted, other provisions of the Act made it improper for the trial court to issue a writ of mandamus.

Section 18 of the Act (Ill. Rev. Stat. 1971, ch. 111½, § 568) provides that the sole means of judicial review of actions involving final decisions of the Department shall be as provided by the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, § 264 *et seq.*). Mandamus does not lie where administrative review is available. *People ex rel. Chicago & N.W. Ry. Co. v. Hulman,* 31 Ill.2d 166, 201 N.E.2d 103.

■■ Plaintiff argues two reasons for claiming an exception to the general rule. The first is based upon our opinion in *People ex rel. Dickey v. White,* 59 Ill.App.2d 148, 204 N.E.2d 170. In *White,* this court held mandamus would lie when all the prerequisites of the statute for issuance of a license had been performed and nothing remained but the ministerial function of issuing and delivering the license. *White* is clearly distinguishable from the case at bar. Here, even granting plaintiff's interpretation of section 6 and that he fulfills all the qualifications of that section, other sections of the Act are pertinent. Section 11 (Ill. Rev. Stat. 1971, ch. 111½, § 561) provides that the Department may refuse to issue a

license to one who has wilfully disregarded or violated the Act. Section 3 (Ill. Rev. Stat. 1971, ch. 111½, § 553) provides in part:

"After December 31, 1965, no person shall engage in the practice nor be employed as a Sanitarian unless he has been registered under this Act.  *   *   *"

Since plaintiff claims to have obtained the necessary experience in the five years prior to the effective date of the Amendatory Act of 1971 but while neither practicing under a registered sanitarian nor with a license, the Department had discretion to refuse him a license because of violation or disregard of section 3. In such a situation mandamus would not lie because issuance of a license is not automatic but requires a decision to be made which must necessarily involve the exercise of discretion.

Plaintiff argues that a writ of mandamus was properly issued for a second reason. He filed his first petition on August 29, 1972. On September 8, 1972, the Department denied plaintiff's application for a license, although plaintiff did not receive notice until October 11, 1972. Final judgment ordering issuance of a license was not entered until August 28, 1974.

■■ Since the petition was filed before the Department had rendered a decision, jurisdiction had attached in the trial court. Once attached, he argues, the subsequent final decision by the Department would not deprive the court of jurisdiction. We agree the trial court had jurisdiction. (*Stevens v. County of Lake*, 24 Ill.App.3d 51, 320 N.E.2d 263.) Since a decision had not been made at the time of filing the petition, a writ of mandamus would have been proper to compel the Department to render a decision. However, once the Department had reached its decision, which decision involved the exercise of discretion, the trial court should have dismissed the suit so that plaintiff could proceed under the Administrative Review Act. In *Stevens*, petitioner filed for a writ of mandamus to compel the county to issue him a liquor license. The Appellate Court held that the trial court did indeed have jurisdiction but that the trial court had acted properly by dismissing the suit upon determining that the County had made its decision and administrative review had been available to petitioner.

Section 2 of the Administrative Review Act provides:

This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof.

Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to a proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision. \* \* \*" Ill. Rev. Stat. 1971, ch. 110, § 265.

■■ After the final decision had been made by the Department, the suit for a writ of mandamus should have been dismissed since the Administrative Review Act then became the sole method of recourse for petitioner. The legislative purpose behind the Administrative Review Act was to eliminate complicated and technical traditional modes of review such as mandamus and replace them with one well-defined statutory method. ( *DeKalb Savings & Loan Association, Inc. v. Hulman,* 91 Ill. App.2d 477, 235 N.E.2d 370.) That purpose would have been effectuated by dismissal of this suit.

Accordingly, the Writ of Mandamus was improperly issued. The judgment of the circuit court of Livingston County is reversed.

Judgment reversed.

TRAPP, P. J., and CRAVEN, J., concur.