AUGUST H. SKOGLUND COMPANY, Plaintiff-Appellee, *v.* THE DEPARTMENT OF TRANSPORTATION *et al.*, Defendants-Appellants.

First District (2nd Division) Nos. 76-1361, 76-1655 cons.

Opinion filed December 12, 1978.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellants.

Jerome N. Zurla, of Chicago (John J. O'Toole, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff sought a writ of mandamus to compel the Illinois Department of Transportation to prequalify plaintiff as an eligible bidder on highway construction contracts.[1] The trial court entered judgment on the pleadings and granted mandamus, ordering defendant immediately to prequalify plaintiff. Defendant appeals.

The issues presented for review are (1) whether the trial court had authority to grant a writ of mandamus, (2) whether the trial court erred in entering judgment on pleadings, and (3) whether defendant's prequalification of plaintiff for the period ending July 31, 1978, allegedly to comply with the court's order, renders this matter moot.

We reverse and remand.

In August 1973 August H. Skoglund Co. received notice from the Department of Transportation that plaintiff's existing prequalification rating for the period ending July 31, 1974, had been cancelled. On May 24, 1974, plaintiff submitted a new application for prequalification for the period ending July 31, 1975, and the Department of Transportation notified plaintiff that this application was denied. At plaintiff's request a hearing was held on November 21, 1975,[2] before John H. Long, a Department of Transportation hearing officer, to permit plaintiff to submit additional information to supplement plaintiff's May 24, 1974, application for prequalification. The following facts were adduced at the hearing: Frank Pantaleo had purchased the August H. Skoglund Co. in 1966. Pantaleo testified that he resigned as Skoglund's president on September 23, 1967; since that time Howard Grom has been Skoglund's president. Pantaleo testified that Grom received no salary as president until 1974 when he was paid $200 a week. Pantaleo also testified that as chief operating officer of Skoglund, Pantaleo received from Skoglund a salary and various bonuses every year since 1966.

Pantaleo's income tax returns and Skoglund's corporate records for the years 1968-1975 were examined at the hearing. The hearing officer found that the information in the tax returns and corporate records differed significantly from statements made by Pantaleo, both in Skoglund's application and at the hearing. The corporate records indicate that Howard Grom was never recorded as Skoglund's president, nor

---

[1] Rule 1.3 of the Rules of the Department of Transportation requires that all prospective bidders on construction contracts be prequalified. The requirement of prequalification and the authority to prescribe rules for granting such status is set forth in sections 5 and 6 of the Illinois Purchasing Act (Ill. Rev. Stat. 1975, ch. 127, pars. 132.5 and 132.6).

[2] The delay between May 24, 1974, and November 21, 1975, is attributed to the pendency of another lawsuit between the parties based on the Department's cancellation of plaintiff's prequalification certificate in August 1973 for the period ending July 31, 1974. The prior litigation resulted in a voluntary nonsuit by plaintiff.

did he ever receive any salary from the company. Hearing Officer Long concluded that Pantaleo attempted to "conceal" and "misrepresent" his position as chief executive officer with Skoglund and the amount of compensation he received. On April 16, 1976, plaintiff was notified that its application for prequalification was denied, citing violations of the Department's instructions which prohibit filing of false information and require disclosure of officers and directors.

On May 14, 1976, plaintiff filed a complaint for administrative review and for a writ of mandamus to compel defendant to prequalify plaintiff. The parties then stipulated to the dismissal of the count for administrative review. After defendant's motion to dismiss the petition for mandamus was denied, defendant filed an answer alleging the prequalification application was denied on the basis that plaintiff intentionally submitted false information.

On October 4, 1976, defendant filed a motion for summary judgment, and plaintiff filed a motion for judgment on the pleadings. The trial court denied defendant's motion and granted plaintiff's motion for judgment on the pleadings. The court thereupon issued a writ of mandamus commanding defendant immediately to prequalify plaintiff. After plaintiff filed a motion for a rule to show cause, the Department issued a prequalification certificate dated November 18, 1976, for the period expiring July 31, 1977. The Department subsequently approved plaintiff's prequalification application for the period ending July 31, 1978, and issued a new certificate.

I

■■ Plaintiff contends that it complied with the rules of the Illinois Department of Transportation which provides for the agency to issue a prequalification certificate; thus the court had authority to issue the writ of mandamus. Mandamus will lie to command performance of an official act which is purely ministerial. (*Corn Belt Bank v. Cellini* (4th Dist. 1974), 18 Ill. App. 3d 1035, 1039, 310 N.E.2d 470.) However, mandamus will not lie to command performance of an act predicated upon an exercise of discretion. (See *People ex rel. Boddington v. Robinson* (4th Dist. 1976), 34 Ill. App. 3d 913, 915, 341 N.E.2d 1.) Thus the question is whether the issuance of a prequalification certificate by the Department of Transportation is ministerial or a matter of discretion.

■■ Under sections 5 and 6 of the Illinois Purchasing Act (Ill. Rev. Stat. 1975, ch. 127, pars. 132.5 and 132.6), the rules and regulations adopted by the Department of Transportation may require that prospective bidders be prequalified to determine their responsibility. After examining the "Instructions for Prequalification of Contractors" published by the Department of Transportation, it is apparent the Department has authority to determine whether a prospective bidder has complied with

the Department's rules. However, once the prospective bidder has complied with the rules, the act of issuing the certificate is ministerial[3] and the Department can be compelled by mandamus to issue a certificate. If petitioner establishes its strict and complete compliance with the Department's rules, mandamus should issue. *Solomon v. City of Evanston* (1st Dist. 1975), 29 Ill. App. 3d 782, 331 N.E.2d 380.

## II

The Department's "Instructions for Prequalification of Contractors" provide that a denial of prequalification "shall be issued" when a contractor submits a false statement. Defendant's answer alleged that plaintiff's prequalification was denied because plaintiff filed false statements in its application and at the subsequent hearing. In moving for judgment on the pleadings, plaintiff admits the truth of the facts alleged in defendant's answer. *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 553, 359 N.E.2d 113.

Granting judgment on the pleadings is proper only where the court can determine the relative rights of the parties solely from the language of the pleadings. (*Johnson v. City of Evanston* (1st Dist. 1976), 39 Ill. App. 3d 419, 423, 350 N.E.2d 70.) However, if examination of the pleadings discloses any issues of fact, evidence should be taken to resolve the issue, and judgment on the pleadings may not be entered. (*Affiliated Realty & Mortgage Co. v. Jursich* (1st Dist. 1974), 17 Ill. App. 3d 146, 308 N.E.2d 118.) Whether, as defendant contends, plaintiff filed false statements in its application and at the hearing raises a genuine issue of fact to be resolved at an evidentiary hearing, and the court should not have entered judgment on the pleadings.

## III

■■ Plaintiff contends that this case is moot because its prequalification certificate expired on July 31, 1977, and that defendant approved plaintiff's new prequalification application and issued a certificate for the period ending July 31, 1978. Defendant contends that it has, at all times, maintained an adversary position in this case and claims that it issued the certificate for the period ending July 31, 1978, only pursuant to the belief that to do otherwise would violate the writ of mandamus.

In the case at bar it appears the Department, in issuing the certificate expiring July 31, 1978, did not voluntarily waive its position. Defendant issued the certificate expiring July 31, 1977, only after motions for a stay of mandamus were denied, and plaintiff filed a motion for a rule to show

---

[3] Black's Law Dictionary (4th ed. 1968) defines ministerial as: "That which is done under the authority of a superior; opposed to *judicial*; that which involves obedience to instructions, but demands no special discretion, judgment, or skill.

cause against the Department. Accompanying the certificate expiring July 31, 1977, issued by the Department was a letter dated November 12, 1976, which read:

"[T]he Certificate is issued pursuant to Judge Berg's order and is contingent upon resolution of the pending litigation. If the Department should prove successful in that litigation the Certificate will be immediately withdrawn."

Thus the Department's belief that the court's order compelled issuance of the certificate for the period expiring July 31, 1978, was not without merit.

■■ Furthermore, we note that all prospective bidders for State highway construction contracts are required to be prequalified by the Department. Since prequalification certificates are issued for only one-year periods, to hold this case moot would preclude the Department from obtaining appellate review of a court order compelling issuance. In *In Re Estate of Brooks* (1965), 32 Ill. 2d 361, 365, 205 N.E.2d 435, and *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769, the Illinois Supreme Court held that an exception to the mootness rule exists in circumstances which are likely to recur, and because of the short duration of the actions involved, they would ordinarily become moot before the question could be reviewed by an appellate court. For these reasons this case should not be deemed moot.

We reverse the order of the trial court and remand for a hearing consistent with this opinion.

Reversed and remanded.

STAMOS, P. J., and BROWN, J., concur.*

---

* Justice Brown participated in this case during his assignment to the Illinois Appellate Court, First District.