Grab It Here Package Liquor Store, Inc., Plaintiff-Appellant, v. Illinois Liquor Control Commission, State of Illinois, and R. P. Cabeen, Liquor Control Commissioner, City of Galesburg, Illinois, Defendants-Appellees.

Gen. No. 64-40.

Third District.

November 19, 1964.

Barash & Stoerzbach, of Galesburg, for appellant.

Hanlon & Ruedig, of Galesburg, for R. P. Cabeen, appellee.

CULBERTSON, P. J.

The Circuit Court of Knox County in this cause affirmed an order of the Illinois Liquor Control Commission which in turn had affirmed an order of revocation of plaintiff's retail liquor license by the Mayor of the City of Galesburg. The Mayor of the City of Galesburg acting as Local Liquor Commissioner, had revoked the license of the Grab It Here Package Liquor Store by reason of the sale of alcoholic liquor to a minor.

On appeal in this Court the plaintiff contends that the decision and order of the local Commissioner was influenced by extraneous considerations and therefore was erroneous, and that the decision of the State Liquor Commission was also influenced by such extraneous considerations, and. was also erroneous. A further contention is made that although a trial de novo was held before the State Commission, its order in fact merely reviewed the propriety of the action of the Mayor and that it did not in fact exercise an independent judgment, and that the order of the Circuit Court which affirmed the erroneous order of the State Commission was therefore improper.

On October 18, 1963, an eighteen-year-old student of Knox College, accompanied by two other college students, purchased alcoholic liquor at plaintiff's package store, although such student was aware of the fact that the purchase was illegal. At a hearing held before the Mayor of Galesburg an order was entered revoking plaintiff's liquor license. Following an appeal to the Illinois Liquor Control Commission a hearing was held before that Commission. At that hearing the young man and two other students, as well as the arresting officer who saw them carrying the liquor,

testified relating to the purchase. A police captain testified that he told the Commission of plaintiff's previous operation, but couldn't be specific as to what the trouble was, and that he testified that there was one previous instance of a minor's purchasing liquor, which was brought to the Commissioner's attention, and also another instance which was not brought to the Commissioner's attention until after plaintiff's hearing, because it involved a college student who might not graduate. He stated that he told the Mayor of the situation and the Mayor must have taken that into consideration in determining the penalty he inflicted in the case. It was developed that all he knew about the matter was strictly hearsay. It was the Commissioner's opinion that the particular establishment had not been reasonably careful in maintaining a store and keeping from the sale of liquor to minors, and that he stated he knew what the talk in the community was and what the reputation of the particular establishment had been. The Chairman of the State Commission asked the Mayor if he had received a bulletin from the Commission regarding sales to minors and the Mayor answered that he had and that he was in complete agreement with the opinion of the State Commission. It appeared on cross examination of the Mayor that the previous violation was in August of 1959, for which a ten-day suspension had been issued.

The president of the plaintiff company stated that the company did a large volume of business and had problems with attempted purchases by minors; that hardly a week went by where they did not turn down thirty to thirty five attempts to purchase liquor by minors; that they did their best to check the I. D. cards and driver's licenses, and that minors gave false and fraudulent identification all of the time. He also stated that the suspension to which reference had been

33

made previously was based on a sale by a clerk who testified that a false driver's license belonging to the purchaser's brother had been presented. There was testimony that the plaintiff company and the president were law-abiding and complied with the Dram Shop Laws.

The Illinois Liquor Control Commission entered an order following the hearing, finding that the evidence justified the order of revocation entered by the local Commissioner, and finding that there was no sufficient cause or reason to reverse the Local Commissioner, and accordingly, denied the appeal and sustained the order of the Local Commissioner. The Circuit Court entered an order thereafter, on appeal to that Court, denying plaintiff's appeal and sustaining the order of the State Commission.

██ It is apparent from the record that a number of extraneous matters had entered into the consideration of this cause by the Illinois Liquor Control Commission. As was stated in Des Plaines Currency Exchange, Inc. v. Knight, 29 Ill2d 244, 247, 194 NE2d 89, it is fundamental that a decision pursuant to an administrative hearing must be based upon testimony and other evidence received at the hearing, and that a conclusion influenced by extraneous considerations must be set aside. In the cause before it the Commission had the obligation of first determining whether or not plaintiff was guilty of the charge, and secondly, what the penalty should be. In view of the plaintiff's apparently good reputation for a number of years (thirteen), and apparently only one provable instance of a sale to a minor which resulted in a ten-day suspension, plaintiff was entitled to have the Commission exercise its independent judgment, without being influenced by hearsay or similar extraneous matters.

■ Under the Statutes (Ill Rev Stats 1963, c 43, § 153), the appeal to the State Liquor Commission is required to be tried de novo. This procedure is distinguishable from an appeal from a city or incorporated town of over 200,000 inhabitants where simply the matter of the propriety of the order entered by the Local Commissioner is tried de novo. Apparently, on the determination of this cause the State Commission had treated the matter as though they were determining the propriety of the Local Commissioner's order, rather than exercising an independent judgment as the result of a trial de novo. While testimony of witnesses was heard, the order only reflects a review of the propriety of the Local Commissioner's decision. A trial de novo of the type contemplated by the Statute should be one which is had with the same effect and intent as if no action whatever had been instituted in the Court below (Bley v. Luebeck, 377 Ill 50, 60, 35 NE2d 334).

On the record before us, therefore, it is apparent that the Circuit Court erred in affirming the order of the Illinois Liquor Control Commission which sustained the order of the Local Liquor Control Commissioner of the City of Galesburg in revoking the local retail liquor license of plaintiff. The order of the Circuit Court of Knox County is, therefore, reversed and remanded to such Court, with directions to remand this cause to the Illinois Liquor Control Commission for the purpose of conducting a trial de novo upon the issues presented in this proceeding.

Reversed and remanded, with directions.

ROETH and SCHEINEMAN, JJ., concur.