Donald Maggio, d/b/a Mr. Don, Plaintiff-Appellant, v. The State of Illinois Liquor Control Commission, an Administrative Agency, and Howard Cartwright, et al., Defendants-Appellees.

Gen. No. 52,096.

First District, Second Division.

December 6, 1967.

M. J. Berkos, of Chicago, for appellant.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole and A. Zola Groves, Assistant Attorneys General, of counsel), for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order of the Circuit Court affirming an order of the Illinois Liquor Control Commission which revoked the Retail Liquor License of Donald Maggio.

Donald Maggio, ("appellant" herein) was in 1966 the liquor licensee of a tavern and restaurant located in Forest Park, Illinois. On April 13, 1966, appellant pleaded guilty in Federal Court to the charge of failing to purchase a gambling stamp in violation of Title 26, Section 7203 of the United States Code. This offense was committed upon premises located in Skokie, Illinois, and the appellant was then arrested. On September 6, 1966, a hearing was had before the Illinois Liquor Control Commission and subsequently on September 19 appellant's liquor license was revoked on the grounds that appellant had violated revised Rule 3 of the Commission's Rules and Regulations. A petition for review was filed and denied. An administrative review was taken to the Cir-

 

cuit Court and an order was entered on January 20, 1967, affirming the order of the Commission. This appeal is from the order entered by the Circuit Court.

Rule 3 of the Rules and Regulations of the Illinois Liquor Control Commission provides in part:

> "To the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquor shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquor, the following rule has been adopted by the Commission.
>
> "1. No person holding a license issued by this Commission shall in the conduct of the licensed business or upon the licensed premises:
>
> "(a) Violate any law of the State of Illinois; or
> . . . ."

██ Appellant first contends that it has not been shown that he has violated any Illinois laws as required by Rule 3. Appellant admits, however, that he was convicted on a plea of guilty of the federal offense of failure to buy a gambling stamp in violation of Section 7203 of Title 26. An element of this offense is either wagering or gambling, Stone v. United States, 357 F2d 257 (5th Cir, 1966); United States v. Conforti, 360 F2d 280 (3rd Cir, 1966). Section 28-1 of the Illinois Criminal Code (Ill Rev Stats 1965, c 38, § 28-1) provides that wagering or gambling is a crime. Thus, appellant's plea of guilty to the charge of violation of the federal statute is an admission of violation of the Criminal Code of Illinois. Rule 3(5) of the Commission's Rules and Regulations provides:

> "5. Proof before this Commission of facts which establish a violation of any state statute, city, vil-

lage, town or county ordinance or resolution or rule of this Commission, shall be sufficient cause for revocation or suspension of any license issued by the Commission, irrespective of whether or not a conviction has been obtained in any court."

Thus it is clear that proof of appellant's violation of a state statute has been sufficiently provided.

Appellant's second contention is that he did not commit any offense in the conduct of the business or upon the licensed premises. It is not disputed that the violation charged by the Commission was not perpetrated on the licensed premises. However, appellant has not properly construed the phrase "in the conduct of the business." It has consistently been held that the privilege of a license is a personal one (25 ILP, Licenses, § 54; 1916 Opinions of Attorney General 511). The license being personal, it follows that the person to whom it is granted is, for the purposes of the Rule, "the business" and the personal integrity and morality of such licensee cannot be detached or separated from the business. See 48 CJS, Intoxicating Liquors, § 175.

The order appealed from is affirmed.

Order affirmed.

LYONS, P. J. and BURKE, J., concur.