Bowler's, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Illinois Liquor Control Commission, Defendant-Appellant, Seymour Simon, Cook County Local Liquor Control Commissioner, Defendant.

Gen. No. 52,301.

First District, Second Division.

June 18, 1968.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole and Robert F. Nix, Assistant Attorneys General, of counsel), for appellant.

William M. Freeman, of Chicago, for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

Plaintiff, Bowler's, Incorporated, brought this action in the Circuit Court of Cook County for administrative review of a decision by the defendant, Illinois Liquor Control Commission, denying plaintiff's application for a retail liquor license to be utilized upon certain leased premises located at R.R. #1, Thornton-Lansing Road, South

Holland, Illinois. The action taken by the defendant-Commission sustained the findings and conclusions of the Cook County Local Liquor Control Commissioner in a prior administrative proceeding.

The defendant-Commission prosecutes this appeal from the entry of a subsequent order by the Circuit Court on April 11, 1967, which reversed the Commission's decision to refuse plaintiff's application, and directed the issuance of the license. The issue on appeal, as per the findings of the trial court, is whether the decision of the defendant-Commission was unsupported by competent evidence and contrary to the manifest weight of the evidence. It would appear that the sole question heretofore contested concerns the propriety of the County Commissioner's finding that the instant application was filed in bad faith, in that plaintiff was not a bona fide applicant, but rather acting in the stead of a person/s otherwise ineligible to hold such a license.

Reflecting briefly, the plaintiff-applicant had been incorporated on October 18, 1965, under the laws of the State of Illinois for the stated purpose of carrying on the sale of liquor and food at retail, and by its articles naming Joyce Abel (the then reigning United States Women's Professional Bowling Champion), Mary Bosnak and Elaine Fein as the sole directors, officers and subscribers to its outstanding shares of stock. Pursuant thereto, a one-year leasing agreement at a weekly premium of $150 was executed by one Rose Fein (the mother of Elaine Fein) the owner of the aforedescribed premises on October 26, 1965, to plaintiff for the use of that premise as a dramshop. It would appear that this same location had theretofore been utilized for like purposes by one Sue Bernard whose liquor license had expired and would not be renewed by the county. Plaintiff thereafter made application for a liquor license to operate at that address under the name of the "Bowlers Tap" which application

was denied by the County Commissioner on December 6, 1965, occasioning the instant litigation.

The facts as they were presented to the court below consisted entirely of the pleadings, certain documentary exhibits and the Report of Proceedings from the de novo administrative hearing before the defendant-Commission. We are hence limited accordingly.

The evidence adduced at the defendant-Commission hearing, on behalf of the plaintiff consisted of the testimony of Joyce Abel, Mary Bosnak and Elaine Fein, the sole and equally participating shareholders, directors and officers of Bowler's, Inc. Each of the three witnesses testified in detail concerning her eligibility for a retail liquor license under the mandatory provisions of the governing statute. Ill Rev Stats (1965) c 43, par 120. More particularly, in response to the findings of the County Commissioner, the witnesses attested that no persons other than they possessed any interest, financial or otherwise, in the ownership or operation of their corporation. This testimony was at no point contradicted by the evidence offered on behalf of the conclusions of the County Commissioner. There is similarly no dispute but that plaintiff's application was in all respects proper in form and that the requisite licensing fees had been satisfied.

The defendant-Commission takes the position on appeal that inasmuch as its findings and conclusions on questions of fact must be held prima facie true and correct, it was error for the lower court to upset those determinations by resort to substituting its judgment, as to matters affecting the credibility of witnesses, for that of the defendant-Commission. This is an objection directed specifically by the defendant to the testimony of Elaine Fein. While the defendant's theory accurately states the controlling principles of administrative review, it necessarily presumes as existent an essential element

which is fatally absent from its case, that being sufficient competent evidence to defeat plaintiff's claim.

The question of credibility to which the defendant alludes involves certain inconsistencies which arose in the testimony of Elaine Fein of such alleged "obvious" proportions as would have justifiably impugned the status of her fitness and moral character as a prospective licensee. This, defendant submits, was a question reserved for it alone to resolve. It appears in this regard that the witness on direct examination represented that she had never before held or applied for a liquor license, nor ever joined in the ownership of any liquor enterprise, notwithstanding the admitted fact that her parents had operated such businesses in the past. This she averred was her first experience in the trade, agreeing that she had testified in similar respects at the hearing before the County Commissioner.

Following preliminary questioning on cross-examination as to whether she was born in East Chicago, Indiana, the witness stated unresponsively, "Oh, he's referring to Indiana. Yes, I was part owner of the Calhof [lounge]." Questioned in regard to similar businesses in the State of Illinois, Miss Fein reasserted her previous denial of such ventures. At this juncture, County Commissioner Exhibit No. 1 was produced, which was an application for a retail liquor license for the "Eight Ball Lounge" in Homewood, Illinois, dated April of 1941, and subscribed to as a coapplicant by the witness. On redirect examination, Miss Fein admitted to the authenticity of the exhibit, explaining that she had simply forgotten about it. The witness further stated that she had theretofore had no independent recollection of the incident, nor could she even now recall the duration of her participation in that business.

 As plaintiff, we think, aptly contends, the assailed portions of the Fein testimony do not address themselves

to the substantive issue of the cause before us, that being whether or not Bowler's, Inc., and its constituent shareholders were and are the only bona fide parties in interest within the purview of the previously noted eligibility statute. That, in essence, is the only legitimate issue advanced for determination. The only "evidence" submitted by the County Commissioner to demonstrate a failure to qualify under that statute was by extrinsic reference by the Commissioner during opening argument before the defendant-Commission to matters within the knowledge of that County Commissioner. By unsworn allegations and without the aid of corroboration, it was stated that the applicant-corporation was merely acting as a straw man in the place of one Marlin Fein (the brother of Elaine Fein) who twice had had liquor licenses revoked by the county. Marlin Fein was not called to testify nor has any report from the proceedings before the County Commissioner been incorporated in this record to verify such an account. Clearly, such nonevidentiary assertions can hold no sway in this court.

The only question which thus remains involves the inconsistencies in Elaine Fein's testimony, numerous attendant elements of which strongly favor an innocent construction. A time span of 25 years had intervened to possibly cloud the witness' memory of her prior application. She had, in fact, volunteered information of a corresponding nature relative to her ownership of a liquor establishment in Indiana. Moreover, there appears a conspicuous absence of some particular motive to falsify in this regard, as no irregularities have been so much as suggested relative to her earlier liquor ventures. Certainly, testimony by her as to possession of prior liquor licenses without suspension or revocation would redound to the witness' advantage.

To even assume for the moment that Miss Fein's testimony was properly discredited before the defendant-Commission for the purposes it suggests, the record from its hearing nonetheless remains totally devoid of any

408

evidence, save the barren unsupported testimonial assertions of the County Commissioner, that the applicant-corporation was other than qualified as a licensee. Furthermore, defendant's authority of Maggio v. State of Illinois Liquor Control Commission, 89 Ill App2d 401, 233 NE2d 59 (1967), in its discussion of the personal integrity and morality of a proposed licensee, imports no conclusion that an isolated and inconsequential instance of impeachment is substantive grounds for the denial of her application.

■ ■ The County Commissioner at the hearing before the defendant-Commission and now the defendant-Commission itself evidently failed to recognize that the hearing on administrative review before the Commission, was an entirely new trial, adversary in nature which was neither dependent upon nor limited by, any prior administrative record. Regardless of the reasons prompting the decision of the County Commissioner, the defendant-Commission was bound to independently predicate its judgment only upon the facts as established by the competent evidence presented to it. Daley v. License Appeal Commission, 63 Ill App2d 43, 211 NE2d 573 (1965).

■ Accordingly, the trial judge was correct in holding that defendant's decision to deny the license was contrary to the manifest weight of the evidence and, indeed, substantially unsupported by any competent evidence. Childers v. Illinois Liquor Control Commission, 67 Ill App2d 107, 213 NE2d 595 (1966). Having satisfied all the statutory requirements, plaintiff is entitled to have the license issued. Walgreen Co. v. Lenane, 363 Ill 628, 2 NE2d 894 (1936).

For the above reasons, the order of the Circuit Court is affirmed.

Order affirmed.

BURKE, P. J. and McNAMARA, J., concur.