LOCAL LIQUOR CONTROL COMMISSION OF THE VILLAGE OF LOMBARD *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

Second District No. 77-91

Opinion filed April 12, 1978.

John H. Brechin, of Lombard, for appellants.

William J. Scott, Attorney General, of Chicago (William Shapiro, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This cause concerns the affirmance on administrative review of an order of the Illinois Liquor Control Commission which required the Local Liquor Control Commission of the Village of Lombard to issue the next available liquor license to Village Fare, Inc., the applicant, who had been denied a license by the local commission. The local commission, which was the plaintiff on administrative review, appeals to this court.

The determinative issue raised before us is whether the order of the State commission is beyond the manifest weight of the evidence. In addition, other arguments have been raised by the parties as to the legality of the local commission itself.

Although proceedings were conducted before the local commission which resulted in the denial of the application of Village Fare, Inc., the facts which are a part of this record were developed at a *de novo* hearing before the State commission. At that *de novo* hearing it was stipulated by the local commission that the applicant was qualified for licensing under the provisions of State statute. It was also stipulated that a Class "B" liquor license (package goods only) was available when the applicant was denied its license. The continuing stipulation further revealed that no license of this type was available when the State commission hearing commenced, due to a reorganization of licenses by the Village Board. It was also stipulated that the nearest package liquor store to the applicant's premises was in the village of Glen Ellyn, across a main thoroughfare, and that the nearest such store in Lombard was over a mile away. Finally, it was stipulated that the local commission denied the applicant on the two grounds that there were other dramshops in close proximity to the applicant and that there would be a lack of clientele for the applicant due to its location in a large apartment development.

The local commission presented the testimony of two of its members at the State commission hearing. These members testified that there were two restaurants with liquor licenses immediately adjacent to the applicant's premises but no names, addresses or exact locations were included in such testimony.

On cross-examination of the local commission members, the applicant attempted to raise for the first time the issue of the legality of the local commission. The chairman of the State commission ruled that this issue had not been included in the applicant's notice of appeal and was, therefore, irrelevant and inadmissible. The local commission then rested its case.

The applicant presented the mayor of the Village of Lombard and the president of the Village Fare, Inc., as witnesses. The testimony of the mayor, Frank Jirsa, was ruled inadmissible as it was directed at the issue of the legality of the local commission. The president testified that the applicant operates a delicatessen or small grocery store in the International Village apartment complex which had, at the time of the hearing, 912 residents. The president further testified that the applicant advertized its facilities in other apartment complexes, single-family home developments and to the general public.

After the conclusion of the hearing *de novo*, the State commission issued a written order, finding:

"That the action of the Local Commissioner is not sustained by the evidence."

As a consequence, the State commission ordered that the "next available local liquor license" be issued to Village Fare, Inc. The petition for rehearing by the local commission was denied. Pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, pars. 264 through 279) the local commission commenced this action in the Circuit Court of Du Page County. The State commission filed the record of its hearing *de novo* as its answer. A hearing was held before Judge Philip Locke where argument was heard regarding the sufficiency of the State commission's order. In addition, the Assistant Attorney General, representing the State commission, attempted to present argument regarding the illegality of the local commission. However, the trial court ruled that this line of argument was irrelevant to the administrative review and refused to consider it. An order was entered by the circuit court affirming the action of the State commission. The local commission appeals.

■■ We turn first to the issue, raised here by the appellant, of the legality of the local commission. We observe that this issue was not raised in the notice of appeal to the State commission filed by the applicant and the State commission excluded argument on this topic from the hearing *de novo*. Most importantly, no mention whatsoever of this issue is made

within the order of the State commission or within the complaint for administrative review filed by the appellant. Additionally, the circuit court, in rendering the decision now appealed from, specifically found that this issue had no connection with the record being reviewed. (See *Leffler v. Browning* (1958), 14 Ill. 2d 225, 151 N.E.2d 342.) We find that this issue had never been properly presented for decision or review to the administrative tribunals which have considered this case. No record exists which preserves the basic facts necessary to examine this issue. Such an examination must, therefore, await an action in which the issue is properly raised and pursued.

We now turn to the determinative issue of this cause as to whether the order of the State commission is beyond the manifest weight of the evidence. The findings of an administrative agency are presumed true and correct by the Administrative Review Act, and this presumption may only be overcome by finding that there is insufficient evidence in the record to support the administrative order. See Ill. Rev. Stat. 1975, ch. 110, par. 274; *Kerr v. Police Board* (1974), 59 Ill. 2d 140, 319 N.E.2d 478.

■■ In this case the State commission does not contest the argument of the local commission that the appellant is vested with considerable discretion in local licensing. However, as the State commission correctly points out, a liquor license applicant is entitled to fair treatment. (*Goode v. Thomas* (1975), 31 Ill. App. 3d 674, 334 N.E.2d 300.) Our supreme court has examined this question in *Shoot v. Illinois Liquor Control Com.* (1964), 30 Ill. 2d 570, 575, 198 N.E.2d 497, 500, where it said:

> "As stated by Davis, Administrative Law, 1958, vol. 1, p. 456: 'One who has no "right" to sell liquor in the sense that the State may prohibit the sale of liquor all together, may nevertheless have a "right" to fair treatment when state officers grant, deny, suspend, or revoke liquor licenses.' Along the same lines, it has been reflected by judicial decision that when the liquor business is lawful, as it now is, the regulations provided therefore must be pursuant to a legitimate exercise of the State's police power, which precludes regulation that is arbitrary and discriminatory."

In addition, Illinois courts have held that when a liquor license application is denied, good cause for the denial must be shown by the local commissioner in a subsequent proceeding. (*Stevens v. County of Lake* (1974), 24 Ill. App. 3d 51, 320 N.E.2d 263; *McCray v. Daley* (1971), 133 Ill. App. 2d 67, 272 N.E.2d 815.) The subsequent proceeding is usually a *de novo* hearing before the commission, or, in the case of cities over 500,000, before a municipal license appeal commission (Ill. Rev. Stat. 1975, ch. 43, par. 153). Such a *de novo* hearing should be one which is had with the same effect and intent as if no actions whatsoever had been instituted before the local commission. (*Carnaghi v. State Liquor Control Com.*

(1967), 79 Ill. App. 2d 93, 223 N.E.2d 280; *Grab It Here Package Liquor Store, Inc. v. Illinois Liquor Control Com.* (1964), 53 Ill. App. 2d 31, 202 N.E.2d 357.) The *de novo* hearing is a new adversary proceeding which is neither dependent upon, nor limited by, the proceedings below. The local commission may have had numerous reasons for denying an application, but the body conducting the hearing *de novo* is limited solely to the evidence presented to it. *Bowler's Inc. v. Illinois Liquor Control Com.* (1968), 97 Ill. App. 2d 403, 240 N.E.2d 369; *Daley v. License Appeal Com.* (1965), 63 Ill. App. 2d 43, 211 N.E.2d 573.

■■ In this cause we have carefully examined the record of the *de novo* hearing held before the State commission. We find therein that two reasons were given by the local commission for the license denial: first, the proximity of the other dramshops and, second, the lack of clientele for the premises. We must concur with the State commission in its finding that these reasons are not sustained by the evidence. Although mention was made of other dramshops in the vicinity of the applicant, there was a total lack of proof as to the precise location of these dramshops, the types of licenses they possessed, and precisely what conflict with the public health, welfare, safety or morals would arise from their alleged proximity. With regard to the alleged lack of clientele for the applicant's premises, no competent evidence was submitted by the Village that the 900-odd residents of International Village were to be the sole clientele of the applicant. Indeed, the testimony of the applicant's president that it advertized in other locations and drew customers therefrom went unrebutted. Moreover, nowhere at the State hearing was it shown that the denial of a liquor license for lack of clientele is a valid exercise of police power under the Liquor Control Act or that it constitutes good cause for the denial of a license.

■■ The fact that the order of the State commission did not contain specific findings of fact is not error since the Liquor Control Act does not require that such findings be made by the State commission. *Vavrys v. Illinois Liquor Control Com.* (1968), 92 Ill. App. 2d 451, 236 N.E.2d 241.

Finally, it has been contended by the local commission that the State commission's order is erroneous since it requires the issuance of the "next available license" to the applicant as the license structure of the village had been altered by ordinance prior to the *de novo* hearing and that the particular license applied for no longer exists. We find this argument is without merit. The wording of the order of the State commission clearly makes the issuance of a license to the applicant contingent upon its availability. In addition, common sense would dictate that the specific type of license to be issued should be of the type closest to that applied for by the applicant. To allow any other interpretation would be manifestly unjust and hypertechnical.

For the reasons stated above it is clear that the order of the State commission was not beyond the manifest weight of the evidence. The order of the circuit court of Du Page County which affirmed that order on administrative review is itself hereby affirmed.

Affirmed.

SEIDENFELD, P. J., and BOYLE, J., concur.