CARBONDALE LOCAL LIQUOR CONTROL COMMISSION, Plaintiff-Appellant, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

Fifth District   No. 79-424

Opinion filed May 16, 1980.

Elizabeth A. Byrnes, of Carbondale, for appellant.

Robert P. Schulhof, of Robert P. Schulhof & Associates, of Carbondale, for appellee Booby's Submarine Sandwiches, Ltd.

William J. Scott, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellee Illinois Liquor Control Commission.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Plaintiff Carbondale Local Liquor Control Commission (Carbondale) appeals from a judgment of the circuit court of Jackson County upholding the action of defendant Illinois Liquor Control Commission (Commission) which gave a directed verdict in favor of defendant Booby's Submarine Sandwiches, Inc. (licensee). Plaintiff contends: (1) The warning issued by it to defendant licensee is not appealable under section 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 153); (2) the trial court erred in striking a portion of a Carbondale ordinance and holding that review of plaintiff's actions should be "on the record" rather than "de novo"; and (3) the Commission improperly granted a verdict in favor of licensee because it had made a prima facie case for the alleged ordinance violation. We affirm the judgment of the circuit court.

On May 10, 1978, Carbondale held a hearing to determine whether licensee had violated section 2—1—6 of the Revised Code of the City of Carbondale, which reads as follows:

"Sec. 2—1—6. Hours.

A. The hours for the sale of alcoholic liquor in the City of Carbondale, Illinois, shall be as follows:

From 8:00 a.m. on Monday, Tuesday, Wednesday, Thursday and Friday and Saturday until 2:00 a.m. of the next day of each week;

From 1:00 p.m. on Sunday until 2:00 a.m. on Monday;

EXCEPT AND PROVIDED that on New Year's Day the closing time shall be: 3:00 a.m. regardless of the day on which it may fall.

B. No alcoholic liquor shall be sold during those hours not covered herein, and no person, except the licensee and his employees shall be allowed to remain in the building where alcoholic liquor is sold at retail by virtue of a license issued by the City of Carbondale, longer than fifteen (15) minutes after the closing hour as herein set forth.

C. Any person other than a licensee or employee of such licensee who remains in a building where alcoholic liquor is sold at retail by virtue of a license issued by the City of Carbondale, who refused to leave said building longer than fifteen (15) minutes after the closing hour, after having been advised or requested to leave, shall be liable to a fine."
(Carbondale, Ill., Rev. Code, §2—1—6.)

No record of the proceedings was made. Carbondale found the licensee in violation of said section, and issued an order which read in pertinent part:

"1. The Liquor Commission, having found that the Licensee was in violation of the Liquor Code of the City of Carbondale, and having found that said violation constitutes a serious and egregious violation, hereby notifies the Licensee of the finding by the Commission and hereby warns the Licensee that any future violation of any kind or nature whatsoever of the Carbondale Revised Code, the Liquor Code of the City of Carbondale, or of any other Ordinances of the City of Carbondale, shall result in the suspension the [sic] revocation of the license.

2. IT IS FURTHER ORDERED that a copy of this Order shall be placed in the permanent file of said Licensee, and made part of any future proceedings concerning any alleged violation by the Licensee of any provision of the Carbondale Revised Code, the Liquor Code of the City of Carbondale, or any other ordinance of the City of Carbondale conducted by or under the auspices of this Commission."

Licensee appealed the order to the Commission, whereupon

Carbondale moved to dismiss the appeal on the grounds that the order was not appealable under section 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 153). The motion was denied, and a *de novo* hearing before the Commission was held on July 19, 1978. Licensee made a motion to reverse the order of Carbondale on the ground the city's ordinance governing the method of review was illegal. The ordinance in question contained the following language:

"Any order of revocation or suspension issued by the Commission may be appealable to the State Liquor Control Commission within twenty (20) days after receipt of such order of revocation or suspension. Procedure for appeal shall be as is established by the State of Illinois. Appeals made by a licensee of a hearing which was transcribed by a certified shorthand reporter shall be made only on the record and shall not be by Trial De Novo. If, however, such record is not kept, appeal shall be by Trial De Novo with the State Liquor Control Commission." (Carbondale, Ill., Rev. Code, §2—2—18.)

This ordinance was allegedly enacted pursuant to section 8 of article VII of the Liquor Control Act, which provides:

"Except as provided in this Section, any order or action of a local liquor control commissioner granting or refusing to grant a license, revoking or suspending or refusing to revoke or suspend a license or refusing for more than 30 days to grant a hearing upon a complaint to revoke or suspend a license may within 20 days after notice of such order or action be appealed from by any resident of the political subdivision under the jurisdiction of the local liquor control commissioner or any person interested, to the State Commission, in which event the matter of such order or action of such local liquor control commissioner shall be tried de novo by the State Commission as expeditiously as circumstances permit.

In the event an appeal is from an order or action of a local liquor control commissioner of a home rule municipality of less than 500,000 inhabitants, the appeal shall be limited to a review of the official record of the proceedings of such local liquor control commissioner if the city council or board of trustees, as the case may be, has adopted a resolution requiring that such review be on the record." Ill. Rev. Stat. 1977, ch. 43, par. 153.

The Commission took the motion under advisement and proceeded to hear testimony on behalf of Carbondale. Carbondale Police Officer Michael Van Mulligan testified that on October 20, 1977, at approximately 2:30 a.m., he witnessed 13 people standing inside the doorway of licensee's place of business. As he approached the building, he testified the people went back inside and locked the door. Officer Van Mulligan

asked licensee's president, Mr. Robert Feld, to let him in the building, which was done. Mr. Feld was asked why 13 people were in his building after hours, to which he replied he was having a private party. Officer Van Mulligan then testified that he heard Mr. Feld tell the people in the building to say that they were employees if the police asked who they were. Everyone then left the building. On cross-examination, Officer Van Mulligan testified he did not take the names of the individuals inside, did not see anyone leave the premises with any purchased goods, observed no one behind the cash register and no one pay any money inside.

Sergeant Paul Staffy of the Carbondale police department testified that he arrived at licensee's place of business after Officer Van Mulligan and was refused admittance upon request. He noticed 13 people inside with cups but did not see anyone drink from them. Sergeant Staffy did say Mr. and Mrs. Feld told him the people were celebrating her birthday. On cross-examination, Sergeant Staffy stated he saw no cashier on duty and did not investigate the identification of the persons inside other than Mr. and Mrs. Feld.

At the close of this evidence, the licensee moved for a directed verdict which motion was taken under advisement. Mr. Feld then testified on behalf of licensee that Booby's sold sandwiches, beer and wine, and that on the night in question he was celebrating his wife's birthday with some of his employees. He stated he did not charge anyone for the food and drinks served at the party. Ronald Zimmett, an employee of the licensee, also testified that he was invited to the party and all the people there were employees.

On July 27, 1978, the Commission entered an order denying Carbondale's motion to dismiss the appeal and finding the ordinance regarding appeal unauthorized by section 8 of article VII of the Liquor Control Act. The Commission concluded that under the ordinance review should be limited to a review on the record and that since no record was made, licensee's motion to reverse the order of Carbondale should be granted. The Commission finally held that even if Carbondale was entitled to proceed *de novo* before the Commission, it had failed to make out a prima facie case, and therefore licensee's motion for a directed verdict was granted. Carbondale's petition for rehearing was denied, so it appealed to the circuit court of Jackson County under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). The circuit court affirmed the order of the Commission and Carbondale now appeals.

■■ Appellant first contends that its warning letter order is not appealable under section 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 153) because it is not specifically "any order or action of a local liquor control commissioner granting or refusing to grant a license, revoking or suspending or refusing to revoke or suspend a license * * *."

However, such a strict interpretation of the statute ignores the effect of the order, which was to take no immediate action except to issue a perfunctory warning. Such an order falls within the wording of the statute allowing the review of "any order or action * * * refusing to revoke or suspend a license * * *," as the circuit court found. (Accord, *Wood v. Illinois Liquor Control Com.* (1977), 55 Ill. App. 3d 228, 230, 371 N.E.2d 138.) The serious and possibly punitive effect such an order could have on the licensee's future mandates such a conclusion.

■■ Appellant contends that while the trial court properly found section 8 of the Liquor Control Act to grant reviewability of "arbitrary and unwarranted action of the Local Commission," review of the warning order should not be granted because if it were ever used as a basis for subsequent license suspension or revocation, a reviewing court could examine those initial proceedings when determining whether the later revocation was against the manifest weight of the evidence. Appellant cites the following language from *Miller v. Daley* (1973), 14 Ill. App. 3d 394, 302 N.E.2d 347, for this proposition:

> "[W]e believe that where a license is revoked solely because of a prior revocation, a reviewing court should examine the entire record, including the first revocation proceedings, *when they are made a part of the subsequent proceedings*, as they were in this case, to determine whether or not the finding revoking the second license was against the manifest weight of the evidence." (Emphasis added.) (14 Ill. App. 3d 394, 400.)

However, appellant ignores the fatal flaw in its argument, which is that no record was made of these proceedings. Were they the basis of later action, no court would have anything to review in their regard. Such a non-reviewable order would circumvent the purpose of section 8 of article VII of the Liquor Control Act, which is to promote review of the local commission's actions so as to insure that the law is complied with and justice effectively administered. (*Rincon v. License Appeal Com.* (1978), 62 Ill. App. 3d 600, 605, 378 N.E.2d 1281.) Therefore, the order issued by Carbondale was appealable.

■■ Appellant next contends that the trial court erred in striking the portion of the Carbondale ordinance governing appeals from its actions and in holding that review of the instant action should be on the record. That portion of section 2—2—18 of the Revised Code of the City of Carbondale was set forth above. In effect, it established different methods of review of appellant's actions by the Commission depending on whether or not a record of the proceedings was made. The trial court held that the ordinance attempted to limit procedures of review before a State agency, an action by a home-rule municipality not provided for by

section 8 of article VII of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 153). We agree.

The operative portion of that statute reads as follows:

"In the event an appeal is from an order or action of a local liquor control commissioner of a home rule municipality of less than 500,000 inhabitants, the appeal shall be limited to a review of the official record of the proceedings of such local liquor control commissioner if the city council or board of trustees, as the case may be, has adopted a resolution requiring that such review be on the record. If such resolution is adopted a certified official record of the proceedings taken and prepared by a certified court reporter shall be filed by the local liquor control commissioner within 5 days after notice of the filing of such appeal. The State Commission shall review the propriety of the order or action of the local liquor control commissioner and shall consider the following questions:

(a) whether the local liquor control commissioner has proceeded in the manner provided by law;

(b) whether the order is supported by the findings;

(c) whether the findings are supported by substantial evidence in the light of the whole record.

The only evidence which may be considered in the review, shall be the evidence found in the certified official record of the proceedings of the local liquor control commissioner. No new or additional evidence shall be admitted or considered. The State Commission shall render a decision affirming, reversing or modifying the order or action reviewed within 30 days after the appeal was heard." (Ill. Rev. Stat. 1977, ch. 43, par. 153.)

Appellant's argument that its ordinance is in compliance with this statute is of no avail. The statute allows a municipality to enact a uniform system of review on the record if it so wishes. Should such an ordinance be adopted, a record prepared by a certified court reporter "shall" be filed with the Commission. We do not believe the statute provides for the arbitrary choice urged by appellant. If its ordinance was given effect, it would have the authority to decide whether or not a record of a particular proceeding would be made, thereby controlling the method by which the Commission and even the court would review its actions. Such an ordinance cannot be sanctioned. (*Paper Supply Co. v. City of Chicago* (1974), 57 Ill. 2d 553, 580, 317 N.E.2d 3.) Since the object of the statute is uniformity, the wording of the statute referring to review "in the light of the whole record," and mandating that "[t]he only evidence which may be considered in the review, shall be the evidence found in the certified official record of the proceedings of the local liquor control

commissioner," is effective only if the municipality has enacted an ordinance requiring that all review of its local commission shall be on the record. Otherwise, the statutory requirement of a hearing *de novo* takes precedence. Ill. Rev. Stat. 1977, ch. 43, par. 153.

■■ The trial court found that since the aforesaid portion of appellant's ordinance was invalid, and therefore severable from the remaining valid portion, "[t]here is no reason to believe that the City of Carbondale would not have elected to have Appeals on the record if the limiting portion of the ordinance was invalidated." It therefore affirmed the Commission's finding that review on the record was the proper standard of review. We find such conjecture unwarranted when the policy of the Illinois General Assembly requires a *de novo* hearing in the absence of a special ordinance enacted by the municipality. (Ill. Rev. Stat. 1977, ch. 43, par. 153.) The ordinance here at issue did not comply with the statute and is, therefore, without effect in regard to the standard of review. To say what the municipality would have intended had it foreseen such a ruling is outside the realm of judicial authority. Therefore, we conclude that the hearing before the Commission was properly conducted as a *de novo* one, but that review of appellant's actions was improperly limited to a review on the record.

■■ The Commission did hold a *de novo* hearing and found that "even if Carbondale has a right to proceed de novo in this matter, the City failed to make out a prima facie case for violation, and Appellant's [licensee's] Motion for a Directed Verdict is HEREBY GRANTED." While appellant Carbondale contends that the motion for directed verdict was improperly granted, we disagree. Appellant had charged licensee with "allowing *patrons* to remain inside and consume alcoholic beverages after closing hours on October 20, 1977 at approximately 2:36 A.M. in violation of Section 2—1—6 of the Revised Code of the City of Carbondale." (Emphasis added.) It was this charge which was appealed to the Commission, and appellant stipulated with licensee that this was the specific charge. Only Officers Van Mulligan and Staffy testified on behalf of appellant as aforesaid, and it is clear that before the Commission, appellant never did establish that the people in licensee's place of business were "patrons" and consuming alcoholic beverages. In fact, the only evidence addressing these matters indicated that all of the persons were employees of licensee and were not drinking. Thus, since evidence of the elements of the charge were lacking, a directed verdict was properly entered on behalf of the licensee.

■■ After presenting its evidence appellant moved to amend the charge to "allowed the persons other than employees to remain inside after closing hours," in compliance with the wording of the ordinance alleged to have been violated. The Commission denied the motion because of

"basic fairness." Appellant suggests that the rules of civil practice apply and therefore amendment should have been allowed. However, we need not decide whether denial of the motion was improper, since the evidence would not have supported a finding of violation in either case and a verdict for licensee would have been proper as to the amended as well as the original charge. The Commission acted properly on the evidence presented to it (*Local Liquor Control Com. v. Illinois Liquor Control Com.* (1978), 59 Ill. App. 3d 1, 4-5, 374 N.E.2d 1298; *Bowler's, Inc. v. Illinois Liquor Control Com.* (1968), 97 Ill. App. 2d 403, 409, 240 N.E.2d 369), and its findings and orders were not contrary to the manifest weight of such evidence. *Kessell v. Illinois Liquor Control Com.* (1978), 56 Ill. App. 3d 485, 490, 491, 371 N.E.2d 1210.

Accordingly, the judgment of the circuit court of Jackson County is affirmed.

Judgment affirmed.

SPOMER and KASSERMAN, JJ., concur.