JAMES "DERRY" RAY, Plaintiff-Appellee and Cross-Appellant, *v.* THE IL-LINOIS RACING BOARD *et al.*, Defendants-Appellants and Cross-Appellees.

First District (4th Division)   81—1184

Opinion filed March 24, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of counsel), for appellants.

John M. Cutrone, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County affirming in part and reversing in part a decision of defendant, the Illinois Racing Board, that suspended the occupation license of plaintiff, James "Derry" Ray, for 270 days, imposed on plaintiff a fine of $6,000, and ordered forfeiture of the purse money won by two of plaintiff's horses in which laboratory tests had revealed the presence of a prohibited drug. The Illinois Racing Board appeals the circuit court's reversal of the civil penalty, the $6,000 fine; plaintiff cross-appeals the circuit court's affirmance of the suspension of his occupation license; neither party appeals the affirmance of the forfeiture of the purse money won by plaintiff's horses.

The issues presented for review are (1) whether the civil penalty was imposed by the Racing Board in violation of plaintiff's due process rights because no fine had been recommended by the Racing Board stewards who held the first hearing on the matter; and (2) whether the harness racing rule for violation of which plaintiff was penalized is unconstitutional because it imposes liability without fault.

We affirm that portion of the circuit court's order that upholds the suspension of plaintiff's occupation license and reverse the portion that reverses the civil penalty.

FACTS

Plaintiff is licensed by the Illinois Racing Board as a driver, trainer, and owner of harness horses. In November and December, 1978, the Illinois Racing Board laboratory issued three reports indica-

ting that an illegal drug, despropionyl fentanyl, was present in the post-race urine sample taken from two horses trained by plaintiff. The drug had been detected in Craig's Champ on November 1, 1978, and November 17, 1978, and in Barker Black on November 4, 1978, after the horses had raced at Balmoral Park. Despropionyl fentanyl is a metabolite of fentanyl, a controlled substance commonly known as sublimaze, a powerful stimulant and analgesic.

A hearing on the matter was held by the Illinois Racing Board stewards at Balmoral Park after these reports were issued. The stewards found that plaintiff had violated Illinois Racing Board Harness Rule 21.19, which provides:

> "Every owner, trainer, groom or caretaker must guard or cause to be guarded each horse owned, trained or attended by him in such a manner as to prevent any person from administering to such horse any chemical substance in violation of these rules."

On February 14, 1979, the stewards ordered that plaintiff be denied the privilege of harness racing under the temporary status he had been granted during their investigation and hearing and recommended to the Illinois Racing Board that his application for a 1979 license be denied and no 1979 license application accepted for 270 days. They also ordered the purse money won by the drugged horses forfeited and returned to the stewards for redistribution.

On February 20, 1979, plaintiff requested a *de novo* hearing on the matter before the Illinois Racing Board. The requested hearing was held before a hearing officer on May 8, 1979, and final arguments were heard by the full board on June 14, 1979. On June 14, 1979, the Board issued a written order finding that plaintiff had violated the rule quoted above by failing to guard the horses in that he routinely left them unattended for five to six hours every day, although he realized that security at Balmoral Park had been lax for several years and he had observed unguarded entrances through which any stranger could enter the barn area. The Board imposed a one-year suspension of his occupation license and a $2,500 civil penalty for each of the three violations, with the suspensions to be served concurrently. The Board also ordered that the purse money be forfeited and returned to the stewards for redistribution.

On July 19, 1979, plaintiff filed a complaint for administrative review of the Board's decision. (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) A hearing was held in the circuit court of Cook County on October 15, 1979, during which the trial judge stated that the stewards had no authority to impose a fine; the Illinois Horse Racing Act of

1975 gave authority to impose a fine only to the Board itself. (Ill. Rev. Stat. 1979, ch. 8, par. 37—9(l).) The trial judge remanded the case to the Racing Board "for findings, if any, as to a reason for imposing an increased punishment."

The Board's attorney thereupon filed a memorandum setting forth its position that the hearing before the Board had been a hearing *de novo* rather than a hearing on the record adduced at the steward's hearing, and that such a *de novo* hearing should be had with the same effect as if no prior action had taken place. The penalty imposed by the stewards was therefore irrelevant, since the Board was limited to consideration of the evidence presented in the *de novo* hearing in determining what penalty should be imposed on plaintiff.

On November 15, 1979, the Board held another hearing, at which no additional evidence was presented but legal arguments were made. That day, the Board issued an order that again found plaintiff had violated Harness Rule 21.19, but "after reconsideration of this matter and of the mitigating factors *** including the fact that Ray had no prior major offenses involving medication and his relative youth," imposed a reduced penalty consisting of a 90-day suspension and a $2,000 fine for each violation and forfeiture of the purse money. The suspensions were to be served consecutively, with credit for the 10 days already served.

The memoranda, transcript, and order were filed in the circuit court as a supplemental answer by the Board, and a hearing was held on April 14, 1981. The court affirmed the 270-day suspension but reversed the $6,000 fine on the authority of *Burton v. Civil Service Com.* (1979), 76 Ill. 2d 522, 394 N.E.2d 1168, which held that an administrative department disciplining an employee could not increase the punishment for an incident of misconduct after it had once imposed a final penalty for the same misconduct. The Board appeals the reversal of the civil penalty and plaintiff cross-appeals the affirmance of the suspension of his license.

OPINION

The Illinois Racing Board argues on appeal that its imposition of a civil penalty against plaintiff should have been affirmed because the Board "acted according to the authority vested in it by the Illinois Horse Racing Act." We agree. Where there is a statutory grant of authority to an administrative agency, there is a corresponding grant of power to do whatever is reasonably necessary to exercise that authority. (*Owens v. Green* (1948), 400 Ill. 380, 81 N.E.2d 149; *Ralston Purina Co. v. Pollution Control Board* (1975), 27 Ill. App. 3d 53, 325

N.E.2d 727; *A.E. Staley Manufacturing Co. v. Environmental Protection Agency* (1972), 8 Ill. App. 3d 1018, 290 N.E.2d 892.) In this case the applicable statute, the Illinois Horse Racing Act of 1975, created the Illinois Racing Board (Ill. Rev. Stat. 1979, ch. 8, par. 37—2), gave it "full power to promulgate reasonable rules and regulations for the purpose of administering the provisions of this Act and to prescribe reasonable rules" (Ill. Rev. Stat. 1979, ch. 8, par. 37—9(b)), and gave it the authority to take appropriate disciplinary action (Ill. Rev. Stat. 1979, ch. 8, par. 37—9(d)). The Horse Racing Act also provides that both the Board and "the steward or judges at a race meeting" have the power to revoke or suspend an occupation license. Ill. Rev. Stat. 1979, ch. 8, par. 37—16(a).

If a steward suspends an occupation license, "the occupation license of the person shall be suspended pending a hearing of the Board" (Ill. Rev. Stat. 1979, ch. 8, par. 37—16(b)), and the "person affected *** may request a hearing before the Board within 5 days after receipt of notice of the suspension." (Ill. Rev. Stat. 1979, ch. 8, par. 37—16(c).) We think this language clearly indicates that the suspension of a license by the stewards is not a final disciplinary action, but rather is an interim action "pending a hearing of the Board." Accordingly, *Burton v. Civil Service Com.* (1979), 76 Ill. 2d 522, 394 N.E.2d 1168, the precedent on which plaintiff relies and on which the trial judge based his order, is inapposite because in that case a final penalty was later increased, whereas in the case at bar the initial recommendation by the stewards was not a final penalty.

Our conclusion is bolstered by the statutory hearing provisions of the Horse Racing Act (Ill. Rev. Stat. 1979, ch. 8, par. 37—16(d) through (k)), which describe a full hearing including the taking of evidence and representation of parties by counsel, at the conclusion of which "the Board shall make its findings which shall be the basis of the *** action taken by the Board." (Ill. Rev. Stat. 1979, ch. 8, par. 37—16(k).) It is clear that the Board is not to be bound by the action of the stewards in making its decision at the conclusion of such a hearing.

Finally, the rules of the Illinois Racing Board governing appeals and enforcement proceedings, which were promulgated pursuant to section 37—9(b) of the Horse Racing Act, provide: "Any person aggrieved by a decision, order, ruling, recommendation or other action of the judges or stewards of any race meeting may as a matter of right request a hearing before the Board. *Such a hearing shall be a proceeding de novo.*" (Emphasis added.) (5 Ill. Reg. 10876, sec. 204.20(a) (1977).) To hold a hearing *de novo* means " 'trying the mat-

ter anew the same as if it had not been heard before and as if no decision had been previously rendered.' " (*Creamer v. Police Pension Fund Board* (1979), 69 Ill. App. 3d 792, 796, 387 N.E.2d 711, 714, quoting 2 Am. Jur. 2d *Administrative Law* sec. 698, at 597 (1967).) Such a hearing should be held with the same effect and intent as if no previous action had taken place. (*Grab It Here Package Liquor Store, Inc. v. Illinois Liquor Control Com.* (1964), 53 Ill. App. 2d 31, 202 N.E.2d 357.) "The *de novo* hearing is a new adversary proceeding which is neither dependent upon, nor limited by, the proceedings below." (*Local Liquor Control Com. v. Illinois Liquor Control Com.* (1978), 59 Ill. App. 3d 1, 5, 374 N.E.2d 1298, 1301.) Accordingly, we find no merit in plaintiff's argument that the Board was bound by the recommendation of the stewards who held the initial hearing on the matter and we reverse the portion of the trial court's order that reverses the Board's imposition of a fine on plaintiff.

We also find plaintiff's second claim of error to be lacking in merit. Plaintiff claims that Harness Rule 21.19, under which he was penalized, is unconstitutional because the "effect of this rule is precisely the same as that of a predecessor statute previously held unconstitutional by the Illinois Supreme Court" in *Brennan v. Illinois Racing Board* (1969), 42 Ill. 2d 352, 247 N.E.2d 881. The rule applied in the case at bar provides:

> "Every owner, trainer, groom or caretaker must guard or cause to be guarded each horse owned, trained or attended by him in such a manner as to prevent any person from administering to such horse any chemical substance in violation of these rules."

The rule invalidated by the court in *Brennan* provided:

> "The trainer shall be the *absolute insurer* of and be responsible for the condition of horses entered by him in a race regardless of the acts of a third party. Should chemical or other analysis of saliva or urine samples, or other tests, show the presence of any drug of any kind or description, the Board may in its discretion suspend or revoke the license of the trainer, the stable foreman in charge of the horse, the groom, and any other person shown to have had the care or attendance of the horse."

(Emphasis added.) (Ill. Rev. Stat. 1967, ch. 8, par. 37c—3.) This rule was held to violate the trainer's right to due process of the law because making him an absolute insurer of the condition of his horses created an irrebuttable presumption that destroyed his right to offer evidence to establish his innocence.

In our view, plaintiff's claim that these two rules are "precisely

the same" is patently incorrect. The rule at issue in this case creates no irrebuttable presumption; it describes the action that must be taken by one who is responsible for guarding a race horse. If the owner, trainer, groom, or caretaker were able to demonstrate that he had guarded his horse as required by the rule, he could avoid liability for the misdeeds of another. The evidence presented in this case indicated that plaintiff, by routinely leaving them unattended for five to six hours every day, had failed to guard his horses in such a manner as to prevent the administration of a prohibited drug to them.

The *Brennan* court stated, "Under the police power reasonable requirements may be imposed, of course, to protect the public against fraud and deceit, but they may not be arbitrary, and they must bear a real and substantial relation to the public welfare." (42 Ill. 2d 352, 354, 247 N.E.2d 881, 882.) We think the rule in question here meets this standard: the requirement is reasonable, it is designed to protect the public against fraud, and it creates no irrebuttable presumption of culpability. That plaintiff in this case failed to demonstrate his innocence does not establish the proposition that it would be impossible to do so under this rule if one were, in fact, innocent.

For all of the reasons discussed above, we find plaintiff's arguments unpersuasive. We therefore affirm the order of the Illinois Racing Board imposing on plaintiff a suspension of 270 days and a fine of $6,000. That portion of the circuit court's order that reverses the fine is accordingly reversed.

Affirmed in part; reversed in part.

JOHNSON and JIGANTI, JJ., concur.